IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANA MUJAHID, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>NEWITY LLC,<br><br>    Defendant. | Case No. 1:25-cv-08012<br><br>Judge: Hon. Jorge L. Alonso |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

  Defendant Newity LLC ("Newity" or "Defendant") hereby respectfully moves this Court to dismiss the putative class action complaint (Dkt. 1, "Complaint") filed by Plaintiff Sana Mujahid ("Plaintiff") in the above-caption matter, in its entirety, for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). In support of this Motion, Defendant respectfully states as follows:

  1. This putative class action case involves alleged violations of the National "Do Not Call" ("DNC") Registry provisions of the federal Telephone Consumer Protection Act (*i.e.,* 47 U.S.C. § 227(c), *et seq.*, the "TCPA") by Newity and/or by undisclosed third parties, based on text messages allegedly sent to Plaintiff's cell phone number without her consent. *See generally* Dkt. 1.

  2. Plaintiff's Complaint, however, fails to state such a claim or to plead plausible facts supporting one in this instance in accordance with federal pleadings standards and the weight of applicable federal authority on the TCPA. Plaintiff is also not entitled to recovery based on the alleged communications (*i.e.*, text messages) in the present case under Section 227(c) of the TCPA as a matter of law. Therefore, the entire Complaint should be dismissed for at least these reasons.

1

3.   As an initial matter, the Court should dismiss the Complaint under Rule 12(b)(6) because, under the plain and ambiguous language of the statute, text messages (a form of technology which did not exist at the time of the TCPA's enactment in 1991) are <u>not</u> covered by Section 227(c) of the TCPA and its related implementing regulations. *See, e.g., Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4-5 (C.D. Ill. July 21, 2025); *Davis v. CVS Pharmacy, Inc.,* 2025 WL 2491195, at *1-4 (N.D. Fla. Aug. 26, 2025). As Plaintiff's sole claim here is based entirely on text messages (not traditional phone calls), and as this legal defect is not curable by any factual amendment, the entire Complaint should be dismissed <u>with prejudice</u> on this basis alone.

4.   Assuming *arguendo* that text messages are covered under Section 227(c) of the TCPA (and they are not), the entire Complaint should nevertheless be dismissed under Rule 12(b)(6) because Plaintiff fails to plausibly allege a theory of liability against Newity under the TCPA (i.e., direct or vicarious TCPA liability), as is required to adequately allege any TCPA claim under <u>any</u> provision and avoid a dismissal at the pleadings stage. *See*, *e.g.*, *Woodard v. Health Ins. All.,* 2024 WL 942629, at *2-3 (N.D. Ill. Mar. 5, 2024); *Brownlee v. Allstate Ins. Co.,* 2021 WL 4306160, at *1–2 (N.D. Ill. Sept. 22, 2021); *Bennett v. Celtic Ins. Co.,* 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022); *Warciak v. Subway Rests., Inc.*, 2019 WL 978666, at *2 (N.D. Ill. Feb. 28, 2019), *aff'd*, 949 F.3d 354 (7th Cir. 2020); *Cunningham v. Health Plan Intermediaries Holdings, LLC,* 2018 WL 835222, at *5-6 (N.D. Ill. Feb. 13, 2018); *Fisher v. Alarm.com Holdings, Inc.,* 2018 WL 5717579, at *3-4 (N.D. Ill. Nov. 1, 2018). In this regard, Plaintiff fails to allege sufficient non-conclusory facts, pled in accordance with federal pleading standards and applicable federal law (including the cases cited above and many others), supporting an inference that Newity: (i) itself, not a third party, literally took the steps necessary to "physically" send each text message at issue directly to her, as required to plead direct TCPA liability; or (ii) was in a common law agency relationship

with a third party who did, as required to plead vicarious TCPA liability. *Id*. Courts have also uniformly recognized that relying on the pled content of an alleged violative communication alone, or that taking an equivocating "either/or" approaching and concluding that the defendant or a third party "delivered" the subject communications (similar to what Plaintiff did here), is insufficient to plead such theories and avoid a dismissal under Rule 12(b)(6). This facial defect is also fatal to Plaintiff's whole Complaint under the weight of applicable federal authority on these points.

5. Defendant's Motion is supported by a memorandum of law, which is being filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, for all the reasons stated above and in the accompanying memorandum of law in support hereof, Defendant respectfully requests that the Court enter an order dismissing Plaintiff's Complaint against Defendant in this case, in its entirety and with prejudice, under Fed. R. Civ. P. 12(b)(6), and granting Defendant all other relief the Court deems just and proper.

Dated: September 8, 2025                    Respectfully submitted,


                                            By: /s/ A. Paul Heeringa

                                            A. Paul Heeringa (IL ARDC #6288233)
                                            **MANATT, PHELPS & PHILLIPS, LLP**
                                            151 N. Franklin St., Suite 2600
                                            Chicago, Illinois 60606
                                            Telephone: (312) 529-6300
                                            Email: pheeringa@manatt.com

                                            *Counsel for Defendant Newity LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on, September 8, 2025, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

*/s/ A. Paul Heeringa*