IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANA MUJAHID, on behalf of herself and all others similarly situated, | Case No. 1:25-cv-08012 |
| Plaintiff, | Judge: Hon. Jorge L. Alonso |
| v. | |
| NEWITY LLC, | |
| Defendant. | |

**<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant Newity LLC ("Newity" or "Defendant") hereby respectfully moves this Court to dismiss the First Amended Complaint (Dkt. 20, "FAC") filed by Plaintiff Sana Mujahid ("Plaintiff") in the above-caption matter, in its entirety and with prejudice, for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). As grounds, Defendant respectfully states as follows:

1. This putative class action case involves alleged violations of the National "Do Not Call" ("DNC") Registry provisions of the federal Telephone Consumer Protection Act (*i.e.,* 47 U.S.C. § 227(c), *et seq*., the "TCPA") by Newity and/or by undisclosed third parties, based on text messages allegedly sent to Plaintiff's cell phone number without her consent. *See generally* Dkt. 20.

2. Plaintiff's FAC, however, fails to state such a claim or to plead plausible facts supporting one in this instance in accordance with federal pleadings standards and the weight of applicable federal authority on the TCPA. Plaintiff is also not entitled to recovery based on the alleged communications (*i.e.*, text messages) in the present case under Section 227(c) of the TCPA as a matter of law. Therefore, the entire FAC should be dismissed for at least these reasons.

1

3. As an initial matter, the Court should dismiss the FAC under Rule 12(b)(6) because, under the plain and ambiguous language of the statute, text messages (a form of technology which did not exist at the time of the TCPA's enactment in 1991) are <u>not</u> covered by Section 227(c) of the TCPA and its related implementing regulations. *See, e.g., Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4-5 (C.D. Ill. July 21, 2025); *Davis v. CVS Pharmacy, Inc.,* 2025 WL 2491195, at *1-4 (N.D. Fla. Aug. 26, 2025). As Plaintiff's sole claim here is based entirely on text messages (not traditional phone calls), and as this legal defect is not curable by any factual amendment, Plaintiff's entire FAC should be dismissed with prejudice on this basis alone.

4. Assuming *arguendo* that text messages are covered under Section 227(c) of the TCPA (and they are not), the entire FAC should nevertheless be dismissed under Rule 12(b)(6) because Plaintiff fails to plausibly allege a theory of liability against Newty under the TCPA (i.e., direct or vicarious TCPA liability), as is required to adequately allege any TCPA claim under <u>any</u> provision and avoid a dismissal at the pleadings stage. *See, e.g.*, *Woodard v. Health Ins. All.,* 2024 WL 942629, at *2-3 (N.D. Ill. Mar. 5, 2024); *Brownlee v. Allstate Ins. Co.,* 2021 WL 4306160, at *1–2 (N.D. Ill. Sept. 22, 2021); *Bennett v. Celtic Ins. Co.,* 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022); *Warciak v. Subway Rests., Inc.*, 2019 WL 978666, at *2 (N.D. Ill. Feb. 28, 2019), *aff'd*, 949 F.3d 354 (7th Cir. 2020); *Cunningham v. Health Plan Intermediaries Holdings, LLC,* 2018 WL 835222, at *5-6 (N.D. Ill. Feb. 13, 2018); *Fisher v. Alarm.com Holdings, Inc.,* 2018 WL 5717579, at *3-4 (N.D. Ill. Nov. 1, 2018). In this regard, Plaintiff fails to allege sufficient non-conclusory facts, pled in accordance with federal pleading standards and applicable federal law (including the cases cited above and many others), supporting an inference that Newty: (i) itself, not a third party, literally took the steps necessary to "physically" send each text message at issue directly to her, as required to plead direct TCPA liability; or (ii) was in a common law agency relationship with a third party

who did, as required to plead vicarious TCPA liability. *Id*. Courts have also uniformly recognized that relying on the pled content of an alleged violative communication alone, or that taking an equivocating "either/or" approaching and concluding that the defendant or a third party "delivered" the subject communications (similar to what Plaintiff did here), is insufficient to plead such theories and avoid a dismissal under Rule 12(b)(6). This continuing facial defect is also fatal to Plaintiff's entire FAC under the weight of applicable federal authority on these points.

5.  Lastly, though Plaintiff cannot amend around the fundamental legal defect in her claim that text messages are not covered under Section 227(c) of the TCPA, Plaintiff could have at least attempted to plead actual facts (not more bald conclusions) supporting a plausible direct or vicarious liability theory, and she does not need (and is not entitled to) any discovery to do so. That she did not plead such facts when amending must mean that no additional facts exist, and therefore that any further amendment would be futile. As such, a dismissal with prejudice is warranted.

6.  Defendant's Motion is supported by a memorandum of law, which is being filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, for all the reasons stated above and in the accompanying memorandum of law in support hereof, Defendant respectfully requests that the Court enter an order dismissing Plaintiff's FAC against Defendant in this case, in its entirety and with prejudice, under Fed. R. Civ. P. 12(b)(6), and granting Defendant all other relief the Court deems just and proper.

Dated: September 29, 2025          Respectfully submitted,


                                                By: /s/ A. Paul Heeringa

                                                A. Paul Heeringa (IL ARDC #6288233)
                                                **MANATT, PHELPS & PHILLIPS, LLP**
                                                151 N. Franklin St., Suite 2600
                                                Chicago, Illinois 60606
                                                Telephone: (312) 529-6300
                                                Email: pheeringa@manatt.com

                                                *Counsel for Defendant Newity LLC*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on, September 29, 2025, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

                                                                                          */s/ A. Paul Heeringa*