**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANA MUJAHID, on behalf of herself and all others similarly situated, | Case No. 1:25-cv-08012 |
| Plaintiff, | Judge: Hon. Jorge L. Alonso |
| v. | |
| NEWITY LLC, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................... 1

II.     APPLICABLE LEGAL STANDARDS ........................................................................ 3

III.    ARGUMENT ............................................................................................................... 4

      a.      Plaintiff's Claim Fails as a Matter of Law, and Therefore Should Be Dismissed, Because Section 227(c) of the TCPA Does Not Apply to Text Messages. ......................................................................................................... 4

      b.      The Entire FAC Should Also Be Dismissed Under Rule 12(b)(6) Because Plaintiff Failed to Plausibly Allege a Theory of Liability Under the TCPA ............ 8

IV.    CONCLUSION ........................................................................................................... 15

## TABLE OF AUTHORITIES

**Page**

### CASES

*Aaronson v. CHW Grp., Inc.*,
2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ...................................................10, 14

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
2018 WL 288055 (N.D. Cal. Jan. 4, 2018) ...........................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....................................................................................3, 4, 14

*Bank v. Alleviate Tax, LLC*,
2024 WL 1332635 (E.D.N.Y. Mar. 28, 2024).........................................................11

*Bank v. Philips Elecs. N. Am. Corp.*,
2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015) .........................................................13

*Bank v. Vivint Solar, Inc.*,
2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019).........................................................14

*Barnes v. SunPower Corp.*,
2023 WL 2592371 (N.D. Cal. Mar. 16, 2023).........................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................3, 14

*Belleville v. Florida Insur. Services, Inc.*,
2024 WL 2342337 (S.D. Fla. May 23, 2024).........................................................9, 11

*Bennett v. Celtic Ins. Co.*,
2022 WL 865837 (N.D. Ill. Mar. 23, 2022)...................................................9, 12, 15

*Bonte v. U.S. Bank, N.A.*,
624 F.3d 461 (7th Cir. 2010) ............................................................................4

*Brooks v. Ross*,
578 F.3d 574 (7th Cir. 2009) ...........................................................................3

*Brown v. Nano Hearing Tech OPCP, LLC*,
2024 WL 3367536 (S.D. Cal. July 9, 2024) .........................................................13

*Brownlee v. Allstate Ins. Co.*,
2021 WL 4306160 (N.D. Ill. Sept. 22, 2021) .................................................2, 9, 10

*Childress v. Liberty Mut. Ins. Co.*,
2018 WL 4684209 (D.N.M. Sept. 28, 2018) ..........................................................9

*Cunningham v. Daybreak Solar Power, LLC*,
2023 WL 3985245 (N.D. Tex. June 13, 2023) .......................................................15

*Cunningham v. Health Plan Intermediaries Holdings, LLC*,
2018 WL 835222 (N.D. Ill. Feb. 13, 2018) ..........................................................15

ii

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Davis v. CVS Pharmacy, Inc.*,
2025 WL 2491195 (N.D. Fla. Aug. 26, 2025) ..................................................................5, 7, 8

*DiMaio v. Wexford Health Sources, Inc.*,
2021 WL 1056848 (N.D. Ill. Mar. 19, 2021) ..............................................................................4

*Dobronski v. Russo*,
2024 WL 4363118 (E.D. Mich. Sept. 30, 2024) ............................................................11, 13

*Doyle v. GoHealth, LLC*,
2023 WL 3984951 (D.N.J. Mar. 30, 2023) .....................................................................13, 14

*Duran v. La Boom Disco, Inc.*,
955 F.3d 279 (2d Cir. 2020) ........................................................................................................6

*Facebook, Inc. v. Duguid*,
592 U.S. 395 (2021) ......................................................................................................................4

*Fisher v. Alarm.com Holdings, Inc.*,
2018 WL 5717579 (N.D. Ill. Nov. 1, 2018) ...........................................................................15

*Frank v. Cannabis & Glass, LLC*,
2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) .......................................................................10

*Hernandez v. Select Portfolio, Inc.*,
2015 WL 3914741 (C.D. Cal. June 25, 2015) ........................................................................14

*Hicks v. Alarm.com*,
2020 WL 9261758 (E.D. Va. Aug. 6, 2020) .............................................................................9

*In re Joint Petition filed by Dish Network, LLC*,
28 FCC Rcd. 6574 (2013) .......................................................................................................9, 12

*In re Rules & Regs. Implementing the TCPA*,
7 FCC Rcd. 8752 (1992) ...............................................................................................................6

*In re Rules & Regs. Implementing the TCPA*,
18 FCC Rcd. 14014 (2003) ..........................................................................................................6

*In re Rules & Regs. Implementing the TCPA*,
30 FCC Rcd. 7961 (2015) ......................................................................................................1, 12

*Jones v. Blackstone Med. Servs., LLC*,
2025 WL 2042764 (C.D. Ill. July 21, 2025) .................................................................. passim

*Loper Bright Enters. v. Raimondo*,
603 U.S. 369 (2024) ..................................................................................................................4, 7

*Maldonado-Rodriguez v. Citibank, N.A.*,
2013 WL 350814 (N.D. Ind. Jan. 28, 2013) ...........................................................................13

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*,
145 S. Ct. 2006 (2025) ..................................................................................................................7

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Meeks v. Buffalo Wild Wings, Inc.*,
  2018 WL 1524067 (N.D. Cal. Mar. 28, 2018)..............................................9, 11, 15

*Metzler v. Pure Energy USA LLC*,
  2023 WL 1779631 (S.D.N.Y. Feb. 6, 2023)....................................................10

*Moore v. CHW Group*,
  2019 WL 3216029 (N.D. Ill., Jul. 17, 2019)....................................................10

*Murray v. Choice Energy, LLC*,
  2015 WL 4204398 (S.D. Ohio July 10, 2015)...................................................11

*Nelums v. Mandu Wellness, LLC*,
  2023 WL 5607594 (D.N.M. Aug. 30, 2023) ...................................................2, 9

*Pascal v. Agentra, LLC*,
  2019 WL 5212961 (N.D. Cal. Oct. 16, 2019)....................................................8

*Rogers v. Assurance IQ, LLC*,
  2023 WL 2646468 (W.D. Wash. Mar. 27, 2023) .......................................11, 14, 15

*Rogers v. Postmates Inc.*,
  2020 WL 3869191 (N.D. Cal. July 9, 2020)......................................................8

*Satterfield v. Simon & Schuster, Inc.*,
  569 F.3d 946 (9th Cir. 2009) ....................................................................6

*Saunders v. NCO Fin. Sys., Inc.*,
  910 F. Supp. 2d 464 (E.D.N.Y. 2012) ...........................................................2

*Sheski v. Shopify (USA) Inc.*,
  2020 WL 2474421 (N.D. Cal. May 13, 2020)..................................................2, 9

*Stachowski v. Town of Cicero*,
  425 F.3d 1075 (7th Cir. 2005) ...................................................................4

*Swanson v. Citibank, N.A.*,
  614 F.3d 400 (7th Cir. 2010) .....................................................................3

*Tel. Solicitations, Autodialed & Artificial or Prerecorded Voice Message Tel. Calls, &
  the Use of Facsimile Machines*,
  8 FCC Rcd. 480 (1993).............................................................................5

*Thomas v. Taco Bell Corp.*,
  582 F.App'x 678 (9th Cir. 2014) .................................................................8

*Warciak v. Subway Rests., Inc.*,
  2019 WL 978666 (N.D. Ill. Feb. 28, 2019), *aff'd*, 949 F.3d 354 (7th Cir. 2020)...............9, 15

*Wilson v. Skopos Fin., LLC*,
  2025 WL 2029274 (D. Or. July 21, 2025)........................................................8

*Woodard v. Health Ins. All.*,
  2024 WL 942629 (N.D. Ill. Mar. 5, 2024)..................................................... passim

## TABLE OF AUTHORITIES
### (continued)

**Page**

### STATUTES

47 U.S.C. § 227(a)(4)........................................................................................................5

47 U.S.C. § 227(c) ..................................................................................................... passim

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991)..........5

### OTHER AUTHORITIES

47 C.F.R. § 64.1200(c)..............................................................................................4, 6, 12

### RULES

Fed. R. Civ. P. 8 ...........................................................................................................14

Fed. R. Civ. P. 12(b)(6)................................................................................................ passim

v

## I.     <u>INTRODUCTION</u>

Like its fatally-flawed predecessor, the First Amended Complaint (*see* Dkt. 20, "FAC") filed by Plaintiff Sana Mujahid ("Plaintiff") in this matter fails to state a plausible claim for relief against Defendant Newity LLC ("Newity"), and it is equally ripe for dismissal for all the same reasons.

Indeed, as before, Plaintiff alleges Newity violated the National "Do-Not-Call" ("DNC") Registry provisions of the Telephone Consumer Protection Act ("TCPA"). Plaintiff bases her claim on two text messages that she still baldly concludes Newity "delivered, or caused to be delivered" to her cell number without her consent. Dkt. 20, ¶ 14. As demonstrated below, however, Plaintiff has not stated such a claim or pled sufficient facts supporting one in accordance with bedrock federal pleadings standards and applicable federal law, and she is not entitled to any relief under the TCPA's DNC rules as matter of law in this case in any event. Moreover, as the FAC represents Plaintiff's second bite at the proverbial apple here and she failed to cure the many fatal pleading defects outlined in Newity's previous motion to dismiss (*see* Dkt. 15 and 16) when amending, and since no amount of facts can cure the legal defect in her claim, Plaintiff's FAC should be dismissed with prejudice.

Though Plaintiff may argue in response that the TCPA is an important remedial statute designed to protect consumers from harassing telemarketers, Newity does not disagree. At the same time, federal courts do not give TCPA plaintiffs special deference, hold them to lower pleading standards than other plaintiffs, or give those armed with mere conclusions a free pass to discovery because of this remedial purpose, either. This is for good reason. As the FCC noted, the TCPA unwittingly spawned a cottage industry of class action litigation in this country, "has strayed far from its original [intended] purpose," and has "become the poster child for lawsuit abuse" ever since its enactment. *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, 8073 (2015). This is perhaps an understatement. As this Court well knows, dozens of new TCPA class actions are filed

weekly (and sometimes daily) in federal district courts throughout the country. All this is unsurprising, given the broad financial relief the TCPA affords profit seeking plaintiffs and the ease with which facially baseless claims can be brought and quickly settled for far beyond their value.[1] Given this potential for abuse, therefore, federal courts have strictly held TCPA plaintiffs to applicable pleadings standards, and routinely dismiss ill-pled claims under Fed. R. Civ. P. 12(b)(6).

Plaintiff's FAC should suffer the same fate. Indeed, while still facially-deficient because it lacks adequate supporting facts, the primary defect with Plaintiff's FAC remains legal. This is because courts have correctly found that, under the plain and unambiguous language of the statute, text messages are not "calls" under the DNC provisions in Section 227(c) of the TCPA and its implementing regulations and, thus, are not covered by the statute.[2] This forecloses Plaintiff's DNC claim in this case as a matter of law, and mandates dismissal of her entire FAC, from the start.

Even if *arguendo* texts were covered, however, it is well established that all TCPA plaintiffs bringing any claim under any provision must first plead sufficient non-conclusory facts supporting a viable theory of TCPA liability (*i.e.,* direct or vicarious liability) against the defendant, regardless of whether they plead facts supporting the other elements of their claim, or face dismissal. This steadfast rule requires Plaintiff to plausibly allege here that Newity: (i) itself, not a third party, took the steps to "physically" send each of the subject texts directly to her cell phone, as required to plead

---

[1] Generally, plaintiffs can potentially recover up to $500 in statutory damages per call, trebled for willful/knowing violations. *See* 47 U.S.C. § 227(c)(5). This may seem small individually, but can be ruinous in a class action, hence why most TCPA cases are styled as class actions and settled for much more than a named plaintiff would receive at trial than if they were to proceed on an individual basis. And while attorneys' fees are not available under the statute, even "remedial laws [like the TCPA] can be abused and perverted into money-making vehicles for individuals and lawyers" and used to seek a windfall of potentially ruinous damages and exorbitant legal fees from innocent defendants through expensive class action litigation. *Saunders v. NCO Fin. Sys., Inc.,* 910 F. Supp. 2d 464, 465 (E.D.N.Y. 2012). *See also Bank v. City of Menasha,* 627 F.3d 261, 266 (7th Cir. 2010) (noting plaintiffs in general sometimes can "us[e] discovery to impose asymmetric costs on [d]efendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit").

[2] *See, e.g., Jones v. Blackstone Med. Servs., LLC,* 2025 WL 2042764, at *1-5 (C.D. Ill. July 21, 2025); *Davis v. CVS Pharmacy, Inc.,* 2025 WL 2491195, at *1-4 (N.D. Fla. Aug. 26, 2025).

direct liability, or (ii) had a common law agency relationship any third parties who did send them, as required to plead vicarious liability. *See* discussion at pp. 8-15, *infra* (collecting cases on the accepted standards for pleading TCPA liability theories). At the same time, federal courts across the country have widely recognized that (i) taking an equivocating "either/or" approach and concluding the "defendant or an agent delivered" the subject communications or (ii) relying solely on the pled content of an allegedly violative communication (even if the defendant's name or products are mentioned) is insufficient to plead such theories and avoid dismissal. Yet, that is <u>all</u> Plaintiff continues to do in this case even after amending, which is likewise fatal to her entire claim under the weight of applicable federal authority on these points. Therefore, for the reasons outlined above and discussed further below, Plaintiff's FAC should be dismissed with prejudice under Rule 12(b)(6).

## II.     <u>APPLICABLE LEGAL STANDARDS</u>

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for relief. Naturally, any claim brought in federal court mandates the pleading of sufficient facts. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Id.* Naked allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also id.* (all federal pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The Seventh Circuit has aptly interpreted *Twombly* and "*Iqbal* to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading…, rather than providing some **specific facts** to ground those legal claims[.] [Such plaintiffs] must do more." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (emphasis added). And while this Court must generally accept well-pled facts as true

under this Rule, conclusory allegations, unwarranted or unreasonable inferences, and legal conclusions couched as facts do not suffice, need not be taken as true, and therefore will not prevent dismissal under this Rule. *See, e.g., Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 465 (7th Cir. 2010); *Stachowski v. Town of Cicero,* 425 F.3d 1075, 1078 (7th Cir. 2005); *DiMaio v. Wexford Health Sources, Inc*., 2021 WL 1056848, at *2 (N.D. Ill. Mar. 19, 2021) (citing *Iqbal*, 556 U.S. at 678–79).

## III.  ARGUMENT

As shown below, Plaintiff's FAC fails to state a plausible TCPA claim or to plead adequate facts supporting one for several reasons, and thus it should be entirely dismissed under Rule 12(b)(6).

### a.  Plaintiff's Claim Fails as a Matter of Law, and Therefore Should Be Dismissed, Because Section 227(c) of the TCPA Does Not Apply to Text Messages.

Plaintiff's claim fails immediately as a matter of law because Section 227(c) of the TCPA, on its face, only provides a private right of action to "[a] person who has received more than one ***telephone call*** within any 12-month period … in violation of the regulations prescribed under this subsection …." 47 U.S.C. § 227(c)(5) (emphasis added). As courts have found, this section "does not mention text messages or SMS messages, and nowhere does the TCPA define 'telephone call' to include text and/or SMS messages." *Jones*, 2025 WL 2042764, at *5. *See also Davis*, 2025 WL 2491195, at *1-4. The implementing regulations for Section 227(c) also reference only "telephone solicitations" and are likewise devoid of any reference to texts. *See* 47 C.F.R. § 64.1200(c). And these terms must be interpreted in the context in which the TCPA was enacted, in 1991. *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 405 (2021). In other words, Plaintiff's claim under Section 227(c) fails because text messages (the sole basis for her claim) are not calls and thus not covered.

Indeed, as the Supreme Court recently reiterated, "[e]very statute's meaning is fixed at the time of enactment." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024). As such, courts "must interpret what Congress wrote" when the statute was enacted, and cannot rewrite the TCPA

to update it for modern technology. *Facebook, Inc.*, 592 U.S. at 409. "Text messaging was not an available technology in 1991 [when the TCPA was enacted], and thus 'telephone call' would ***not*** have included text messages or SMS messages." *Jones*, 2025 WL 2042764, at *4 (emphasis added); *see also* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991). As such, "under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages." *Jones*, 2025 WL 2042764, at *4 (dismissing). *See also Davis,* 2025 WL 2491195, at *1 (ruling similarly and dismissing DNC claim under Rule 12(b)(6) with prejudice on this basis, holding: "***Certainly, no ordinary person would think of a text message as a 'telephone call.' This conclusion—supported by the ordinary public meaning at the time of the provision's enactment—is enough to end this case***.") (emphasis added). This Court should rule similarly.

While the term "telephone solicitation" is defined in Section 227(a)(4) to include "the initiation of a telephone call or message…," that definition does not alter the result. 47 U.S.C. § 227(a)(4). First, the reference to "message" presumably refers to "artificial or prerecorded voice" messages, which were expressly regulated by the TCPA at the time of its enactment. *See, e.g., Tel. Solicitations, Autodialed & Artificial or Prerecorded Voice Message Tel. Calls, & the Use of Facsimile Machines*, 8 FCC Rcd. 480 (1993) (identifying the types of calls for which an individual may recover). But "Section 227(a)(4) does not refer to [a] 'text message'" and, as discussed above, "telephone call or message" could not have been interpreted in 1991 to include text messages, which were not yet in existence. *Jones*, 2025 WL 2042764, at *4. *See also Davis*, 2025 WL 2491195, at *2 ("[H]owever Congress defines 'telephone solicitation'—and whatever Congress directed the FCC to do in terms of regulating certain 'telephone call[s] or message[s]'—the private right of action Congress created exists only for those who received multiple 'telephone calls.'" (citing 47 U.S.C. § 227(c)(5)). Second, the FCC's authority to implement regulations under

Section 227(c) was expressly limited to "the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations" and lasted for 9 months after December 20, 1991. 47 U.S.C. § 227(c). Those regulations were implemented in 1992, as authorized, and similarly do not discuss or refer to text messages at all. *See* 47 C.F.R. § 64.1200(c); *see also In re of Rules & Regs. Implementing the TCPA*, 7 FCC Rcd. 8752 (1992) (also devoid of any discussion of text messages).

In her FAC here, Plaintiff cites *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) and *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) for the proposition that a text message is a "call" as defined by the TCPA. *See* Dkt. 20, ¶ 59. While these are not facts and therefore should not be considered under Rule 12(b)(6), it is important to note that those decisions evaluated text messages under Section ***227(b)*** of the TCPA, which governs allegedly automated calls and Plaintiff does not invoke for her claim here, and therefore are of no moment. *See Duran*, 955 F.3d at 280 (addressing the definition of an "ATDS" under Section 227(b)); *Satterfield*, 569 F.3d at 954 (finding that the "language and purpose of the TCPA support the conclusion that the ***use of an ATDS*** to make any call, regardless of whether that call is communicated by voice or text, is prohibited") (emphasis added)). The Ninth Circuit in *Satterfield* also confirmed that "the statute is silent as to whether a text message is a call within the Act" and instead deferred to the FCC's 2003 Order in finding texts can be considered calls under Section 227(b). *Id*. Further, while the FCC previously stated in its 2003 Order that, under some circumstances, "calls" do include "text messages," that Order only addressed text messages in the context of the TCPA's automated calling provision, Section 227(b), which again is not at issue in this lawsuit. *See In re Rules & Regs. Implementing the TCPA*, 18 FCC Rcd. 14014, 14115-16 at ¶

165, n.603-605 (2003); *see also Jones*, 2025 WL 2042764, at *4 ("[O]n its face…, the 2003 Order explicitly references only Section 227(b)"). In short, these authorities are inapplicable in this case.

In any event, given more recent binding Supreme Court precedent, the FCC's prior 2003 interpretation is not entitled to any deference. *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 145 S. Ct. 2006, 2013 (2025) (holding that "the Hobbs Act does not preclude district courts in enforcement proceedings from independently assessing whether an agency's interpretation of the relevant statute is correct"); *see also Loper*, 603 U.S. at 401 (overruling *Chevron* deference, finding "*Chevron* gravely erred [ ] in concluding that the inquiry is fundamentally different just because an administrative interpretation is in play"); *Davis*, 2025 WL 2491195, at *4 (declining to apply the 2003 Order). This is true even though Section 227(c) of the TCPA affords the FCC certain rulemaking authority. Under *McLaughlin* and *Loper*, federal courts <u>must</u> "independently interpret" statutes under ordinary principles of statutory interpretation—even where the statute delegates discretionary authority to an agency—and therefore must interpret the statute based on its plain language as "if no agency were involved." *Loper*, 603 U.S. at 400.

Applying *McLaughlin* and *Loper* here leads to only one result: the TCPA does not extend to forms of communications, like text messages, that did not exist when the TCPA was enacted. *See Jones*, 2025 WL 2042764, at *4-5 ("While the Court affords a certain amount of respect to the FCC's interpretation of the terms used in the TCPA, the fact remains that Section 227(c)(5) of the TCPA includes 'telephone call' and does not mention text messages or SMS messages, and nowhere does the TCPA define 'telephone call' to include text and/or SMS messages.") (citing *Loper* and Alex Fitzpatrick, *How Text Messages Are Being Killed and Replaced*, TIME (Dec. 3, 2014), https://time.com/3612277/text-message-history-future/ ("The world's very first text message, sent Dec. 3, 1992 . . . .")); *see also Davis*, 2025 WL 2491195, at *1 (ruing similarly).

All told, while Plaintiff may believe that there are compelling reasons to expand Section 227(c) of the TCPA to reach the realities of today's technologies, only Congress can do that. "It is not for a court to legislate by reading into the TCPA something that is not there." *Jones*, 2025 WL 2042764, at *5. *See also Davis*, 2025 WL 2491195, at *3 (ruling similarly).[3] Consequently, as text messages are not covered under the plain language of Section 227(c) of the TCPA, Plaintiff's entire FAC should be dismissed <u>with prejudice</u> under Rule 12(b)(6) on this key legal basis alone.

### b. The Entire FAC Should Also Be Dismissed Under Rule 12(b)(6) Because Plaintiff Failed to Plausibly Allege a Theory of Liability Under the TCPA.

Beyond the fundamental legal defect above, the FAC is devoid of well-pled facts supporting theory of liability under the TCPA against Newity (*i.e.*, direct or vicarious liability). It is well-accepted there are "two potential theories of liability under the TCPA" that must be adequately pled in <u>all</u> cases to avoid a dismissal under Rule 12(b)(6): "(1) direct liability; and (2) vicarious liability." *Rogers v. Postmates Inc.*, 2020 WL 3869191, at *3 (N.D. Cal. July 9, 2020) (citing *Thomas v. Taco Bell Corp.,* 582 F.App'x 678, 679 (9th Cir. 2014)). This rule means that, "[f]or a person to 'make' [or 'initiate'] a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Pascal v. Agentra, LLC,* 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 WL

---

[3] Newity anticipates that, in response to this Motion, Plaintiff will cite to various district courts decisions where courts appeared to reach different conclusions to suggest that *Jones* and *Davis* do not represent the majority view, including *Hudson v. Palm Beach Tan, Inc.,* 2024 WL 4190513 (M.D.N.C. Aug. 12, 2024), *Wilson v. Skopos Fin., LLC,* 2025 WL 2029274 (D. Or. July 21, 2025), *Harriel v. Bealls, Inc.,* 2025 WL 2379617 (M.D. Fla. Aug. 15, 2025), *Barton v. Delfgauw,* 2025 WL 2402131 (W.D. Wash. Aug. 18, 2025), or *Bosley v. A Bradley Hosp. LLC,* 2025 WL 2686984 (S.D. Fla. Sept. 19, 2025). As Newity will show in greater detail in its reply brief, however, these cases are inapplicable here because, *inter alia,* they either (i) pre-date or did not apply *McLaughlin* and *Loper,* (ii) did not perform a statutory construction analysis, (iii) relied heavily on outdated case law (like *Satterfield*) and/or on FCC authority (which is not entitled to any deference today after *McLaughlin* and *Loper*) discussing whether texts are covered by the automated call provisions of Section 227(b) of the TCPA, which again is not at issue here, and/or (iv) involved arguments that Newity is not making here (such as whether cell phones can be "residential" under Section 227(c)).

288055, at *4 (N.D. Cal. Jan. 4, 2018)). Courts in this District have firmly adopted this rule. *See, e.g., Woodard v. Health Ins. All.,* 2024 WL 942629, at *2-3 (N.D. Ill. Mar. 5, 2024) (dismissing TCPA complaint that failed to sufficiently allege a liability theory); *Bennett v. Celtic Ins. Co.,* 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022) (same). Further, failure to plausibly allege either liability theory in a complaint warrants dismissal of <u>any</u> TCPA claim its <u>entirety</u>. *See, e.g., Woodard* and *Bennett, supra*; *Nelums v. Mandu Wellness, LLC,* 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023) ("Because Plaintiff fails to satisfy the first elements of the TCPA and [an equivalent state statute]— that Defendants were directly or vicariously liable for the [subject] text messages—the Court does not reach Defendants' arguments regarding whether Plaintiff adequately plead the other elements" of the asserted claims.). Here, Plaintiff failed to plausibly allege either theory, even after amending.

As to the former liability theory, federal district courts have uniformly determined that direct liability under the TCPA applies <u>only</u> to persons or entities that "initiate" or "make" unlawful telemarketing calls, which in this context means to literally "physically place" a call or send a text message directly to the plaintiff. *See, e.g., Sheski v. Shopify (USA) Inc.,* 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Joint Petition filed by Dish Network, LLC,* 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)) (dismissing on this basis where complaint lacked such facts); *accord Warciak v. Subway Rests., Inc.*, 2019 WL 978666, at *2 (N.D. Ill. Feb. 28, 2019), *aff'd*, 949 F.3d 354 (7th Cir. 2020) (dismissing, in part, on this basis where plaintiff did not plead sufficient facts on this front).

Put differently, for direct TCPA liability to attach in this case, Plaintiff must plausibly allege, with actual facts, that Newity <u>itself</u>, and not a third party, physically sent (or made, initiated, placed, delivered, etc.) <u>each</u> text message at issue <u>directly</u> to her cell phone. *See, e.g., Bennett,* 2022 WL 865837, at *3 (dismissing where plaintiff did not adequately allege the defendant itself physically placed the calls at issue); *Brownlee v. Allstate Ins. Co.,* 2021 WL 4306160, at *1–2 (N.D. Ill. Sept.

22, 2021) (dismissing TCPA complaint where the allegations did not "allow the Court to reasonably infer that defendant is liable for each call" and holding "[a]t the very minimum, plaintiff must allege in her complaint that defendant made each call that she seeks to hold it [directly] liable for."); *Metzler v. Pure Energy USA LLC*, 2023 WL 1779631, at *6 (S.D.N.Y. Feb. 6, 2023) (dismissing on this basis and holding that all TCPA plaintiffs must "allege facts from which the Court can plausibly infer that [d]efendant has direct liability, even if it is also plausible that a third party made the call").

Consistent with bedrock federal pleading standards, however, "[m]erely alleging that [a defendant or an agent] 'made' or 'initiated' [a] call" or sent a text message in conclusory fashion "is not sufficient to allege a [direct] TCPA [liability] claim" or to avoid dismissal under Rule 12(b)(6). *Frank v. Cannabis & Glass, LLC,* 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019). Countless other courts in this District and elsewhere have ruled similarly and thus have often dismissed such faulty claims under Rule 12(b)(6). *See, e.g., Woodard,* 2024 WL 942629, at *3 (dismissing on this basis, holding: "TCPA actions must allege some facts which are distinguishable from the statutory language of the TCPA itself to state a claim and survive dismissal.") (citing, *inter alia, Brownlee* and *Moore v. CHW Group*, 2019 WL 3216029, at *2 (N.D. Ill., Jul. 17, 2019)); *Aaronson v. CHW Grp., Inc.,* 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (holding that, "at the pleadings stage [in TCPA cases], [a] plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls" and dismissing on the basis where plaintiff "failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations d[id] not show plausibly that defendant actually, physically initiated the telephone calls at issue"); *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *5 (W.D. Wash. Mar. 27, 2023) (dismissing where plaintiff concluded one defendant "physically" placed the subject calls, noting the "[p]laintiffs have not pleaded any *facts* supporting their inference that [defendant] physically dialed the calls to four

10

of the individual plaintiffs" (emphasis in original)); *Dobronski v. Russo*, 2024 WL 4363118, at *5 (E.D. Mich. Sept. 30, 2024) (dismissing on this basis, holding that a plaintiff "simply alleg[ing] that 'Defendants or Defendants' agent' initiated calls" is insufficient to plead any theory of TCPA liability; *Bank v. Alleviate Tax, LLC*, 2024 WL 1332635, at *5, n.6 (E.D.N.Y. Mar. 28, 2024) (dismissing TCPA claim on this basis, holding that "simply asserting a purported fact does not make it one, where there are no factual allegations to support the asserted conclusion").

Myriad courts have also recognized that even a call or text allegedly offering the defendant's products, identifying the defendant by name, and/or originating "from" the defendant does <u>not</u>, standing alone, allow for a plausible inference that the defendant itself (and not a third party) physically made or initiated any call or text for direct liability purposes. *See, e.g.*, *Meeks*, 2018 WL 1524067, at *1–5 (finding no direct liability, even though at-issue text identified the defendant by name and contained a link to its website); *Belleville*, 2024 WL 2342337, at *1-4 (dismissing on this basis, even though one caller allegedly said they were calling "from" the defendant and provided the defendant's website); *Murray v. Choice Energy, LLC*, 2015 WL 4204398, at *2 (S.D. Ohio July 10, 2015) (dismissing on this basis, even though plaintiff was "informed that the call was from Choice Energy," where there were "no factual allegations … that Choice Energy had any active role or involvement in [physically] placing the calls"). Together, these well-reasoned authorities (among others) show the alleged content of the subject communications alone is not dispositive of this issue.

This accepted approach to evaluating the facial sufficiency of direct TCPA liability claims under Rule 12(b)(6) is in recognition that companies often hire third parties to handle their outbound communications. *See, e.g., Bennett,* 2022 WL 865837, at *3 ("[A] defendant 'generally does not initiate calls [within the meaning of the TCPA] placed by third-party telemarketers,' even if the third party had acted on its behalf."). For example, a company could "cause" a text to be "delivered" by a

third party vendor, as Plaintiff alleges here. *See, e.g.,* Dkt. 20, ¶ 14 ("Defendant delivered, or caused to be delivered, at least two text messages" to Plaintiff's cell phone); *see also id.* ¶¶ 16, 25, 29, 36, 47, 64 (similar allegations). Such a text would naturally identify the defendant or its products by name (which is the point of hiring a vendor) and may have "originated from" the defendant in a technical sense, as Plaintiff also concludes. *See id.* ¶¶ 18-19. But that text would not have been physically "delivered" by the defendant ***itself directly*** to the plaintiff, which is what matters on this point. Logically, and as a matter of law, an indirect connection to a call placed by a third party is <u>not</u> "direct" TCPA liability. *See also* 28 FCC Rcd. at 6583 (ruling direct TCPA liability "generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call" by a third party).[4]

Applying the foregoing firmly-rooted legal principles here also dooms Plaintiff's entire FAC. For example, rather than following federal pleading standards, the FAC merely contains a handful of naked conclusions, each regurgitating the statutory text and other authority but lacking in any requisite factual enhancement, stating that "Defendant delivered, or caused to be delivered" the subject texts or the like. *See* Dkt. 1, ¶¶ 14, 16, 16, 25, 29, 36, 47, 64. In other words, at bottom, Plaintiff still concludes that <u>either</u> Newity itself sent the subject text messages <u>or</u> countless unidentified third parties did (*i.e.*, Newity "caused" third parties to send them). Yet, even if this Court takes these few ill-pled allegations as true (and it should not), it bears repeating that federal courts

---

[4] These decisions reflect a proper application of federal pleadings standards in the TCPA context. Indeed, if all it took for a plaintiff to sufficiently allege a TCPA liability theory was for the call to identify the defendant's name or products, there would be no need to differentiate between direct and vicarious liability theories, and no TCPA complaint would ever be dismissed under Rule 12(b)(6) on these grounds. That is <u>not</u> the law, as the many cases cited herein all show. Moreover, Plaintiff's new non-sensical assertion that "Defendant never denied that it had sent the marketing text messages" (Dkt. 1, ¶ 24) does not support a direct TCPA liability theory, either. If that were the standard, then every TCPA defendant would be subject to costly discovery in every case, even if they had no knowledge of or participation in the alleged violations. Again, that is <u>not</u> the law.

have widely recognized that the alleged content of a call, even if a defendant's name is mentioned or its products are sold (which is all Plaintiff offers), is not dispositive of direct TCPA liability standing alone. *See* discussion at pp. 9-12, *supra*. In fact, federal courts have found that such conclusory and equivocating allegations are "woefully insufficient to state a claim of ***any sort***." *Maldonado-Rodriguez v. Citibank, N.A.*, 2013 WL 350814, at *5 (N.D. Ind. Jan. 28, 2013) (emphasis added).

Such is particularly true when it comes to pleading TCPA claims, as federal district courts across the country have squarely rejected such a clearly flawed "either/or" approach to pleading TCPA liability theories. *See, e.g., Melito v. Am. Eagle Outfitters, Inc.,* 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 30, 2015) (dismissing similar claim, holding: "Plaintiffs' conclusory assertions that [the defendant] ***sent or caused the text message to be sent*** is simply a legal conclusion devoid of further factual enhancement.") (emphasis added); *Brown v. Nano Hearing Tech OPCP, LLC*, 2024 WL 3367536, at *3 (S.D. Cal. July 9, 2024) (dismissing on this basis where plaintiff concluded the caller's "numbers belonged to [defendant] Nano or Nano's agent," without supporting facts suggesting the defendant itself physically placed each call); *Dobronski*, 2024 WL 4363118, at *5 (a plaintiff "simply alleg[ing] that 'Defendants or Defendants' agent' initiated calls" was insufficient to plead any TCPA liability liability); *Doyle v. GoHealth, LLC*, 2023 WL 3984951, at *4–6 (D.N.J. Mar. 30, 2023) (dismissing and holding allegations that the alleged calls were "from Defendant, its employees and/or agents" insufficient for directly liability, without more); *Bank v. Philips Elecs. N. Am. Corp.*, 2015 WL 1650926, at *2 (E.D.N.Y. Apr. 14, 2015) (plaintiff's allegations the calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of [defendant]" were "too conclusory to state a plausible claim" for direct TCPA liability). But, on the whole, Plaintiff's obviously directly contradictory allegations here not only fail to state a plausible direct TCPA liability theory under the weight of applicable authority, but they also "are inherently implausible, and [thus]

13

fail to comply with Rule 8, *Twombly*, and *Iqbal*" and cannot avoid dismissal at the pleadings stage in <u>any</u> case. *Hernandez v. Select Portfolio, Inc.*, 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015).

Moreover, Plaintiff's FAC is perhaps more notable for what facts it still <u>omits</u> on this front, than for what few (if any) facts it contains. For example, Plaintiff does <u>not</u> plausibly allege, nor state even in a conclusory fashion, that (i) her Caller ID identified "Newity" as the sender of each (or any) text; (ii) she ever communicated with any Newity *employee* through these text messages, or (iii) Newity owns or uses the phone number used to send them. Such facts *might* have supported a direct TCPA liability theory here, if pled, as other courts have found. *See, e.g., Aaronson,* 2019 WL 8953349, at *2; *Rogers v. Assurance IQ*, 2023 WL 2646468, at *5; *Doyle,* 2023 WL 3984951, at *4–6; *Bank v. Vivint Solar, Inc*., 2019 WL 2280731, at *2 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*, 2019 WL 1306064 (Mar. 22, 2019) (dismissing on this basis where the complaint lacked such requisite contextual details). That Plaintiff did not allege such facts after amending is fatal.

In sum, as the late Judge Leinenweber aptly held when dismissing a similarly-defective TCPA claim on this basis, "TCPA actions must allege some facts which are distinguishable from the statutory language of the TCPA itself to state a claim and survive dismissal." *Woodard,* 2024 WL 942629, at *3. This Court should rule similarly, as that is plainly all Plaintiff tried to do here. As such, Plaintiff's FAC should be dismissed for failing to allege a plausible direct liability theory.

Lastly, despite including allegations in her FAC vaguely suggestive of possible third party involvement, Plaintiff does not assert any factual allegations remotely supporting an inference that Newity was in a common law agency relationship with any third party that texted her. Nor does she allege Newity had specific "control" over the "manner and means" of any third party's telemarketing campaign, which is the accepted touchstone of vicarious liability in a TCPA case and must also be

adequately pled in all cases, even in a conclusory fashion.[5] Thus, Plaintiff's FAC should also be dismissed on vicarious TCPA liability grounds. *See, e.g., Warciak, Woodard*, and *Bennett, supra*; *Cunningham v. Health Plan Intermediaries Holdings, LLC,* 2018 WL 835222, at *5-6 (N.D. Ill. Feb. 13, 2018); *Fisher v. Alarm.com Holdings, Inc.,* 2018 WL 5717579, at *3-4 (N.D. Ill. Nov. 1, 2018).

### c. Any Dismissal Should Be With Prejudice.

Finally, federal courts may properly dismiss complaints with prejudice pursuant to Rule 12(b)(6) where, as here, a plaintiff already had a chance to amend (particularly in response to a dispositive motion) but the amendment failed to cure the previous complaint's deficiencies. *See, e.g., Laborforce, LLC v. Auto. Mechanics' Union Loc. No. 701, IAMAW, AFL-CIO*, 2021 WL 1239216, at *3 (N.D. Ill. Apr. 2, 2021); *see also Frame v. Cal-W. Reconveyance Corp.,* 2011 WL 3876012, at *3 (D. Ariz. Sept. 2, 2011) (dismissing with prejudice where "despite the benefit and existence of fully-briefed motions to dismiss, [p]laintiff's First Amended Complaint fail[ed] to cure the deficiencies noticed in [d]efendants' prior motions"). Here, Newity already pointed out all the factual defects discussed above in its initial motion to dismiss (*see generally* Dkt. 15 and 16), but Plaintiff's FAC failed to cure them. Though Plaintiff cannot amend around the legal defect in her claim that texts are not covered under Section 227(c) of the TCPA, Plaintiff could have at least pled facts supporting a direct or vicarious liability theory, and she does not need (and is not entitled to) any discovery to plead them. That she did not plead such facts when amending must mean no additional facts exist, and thus any further amendment would be futile. As such, a dismissal with prejudice is warranted.

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff's entire FAC should be dismissed <u>with prejudice</u>.

---

[5] *See, e.g., Cunningham v. Daybreak Solar Power, LLC*, 2023 WL 3985245, at *2 (N.D. Tex. June 13, 2023); *Rogers*, 2023 WL 2646468, at *6; *Meeks*, 2018 WL 1524067, at *6 (all dismissing on this basis where the plaintiffs omitted facts supporting an inference of such specific "control").

Dated: September 29, 2025                     Respectfully submitted,

                                             By: /s/ A. Paul Heeringa
                                                 A. Paul Heeringa (IL Bar # 6288233)
                                                 **Manatt, Phelps & Phillips, LLP**
                                                 151 N. Franklin Street, Suite 2600
                                                 Chicago, IL 60606
                                                 Telephone: (312) 529-6300
                                                 Email: pheeringa@manatt.com

                                                 *Counsel for Defendant*

16

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on, September 29, 2025, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.


*/s/ A. Paul Heeringa*