UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANA MUJAHID, <br> *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> NEWITY, LLC, <br><br> Defendant. | ) <br> ) Civil Action No.: 25-cv-8012 <br> ) <br> ) Class Action Complaint <br> ) <br> ) <br> ) <br> ) <br> ) Honorable Jorge L. Alonso <br> ) <br> ) <br> ) <br> ) |

**JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's July 22, 2025 Order (Dkt. 13), Plaintiff Sana Mujahid ("Plaintiff") and Defendant Newity, LLC (individually, "Defendant" and together with Plaintiff, collectively, the "Parties") hereby respectfully submit this Joint Initial Status Report. The Parties advise that they have not reached an agreement with respect to proceeding with discovery or a case management schedule, as discussed further below (*see* Section II.B., *infra*).

**I.     Nature of the Case**

    **A.     State the basis for federal jurisdiction**

Plaintiff submits that the Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, to the extent that Plaintiff is alleging a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Defendant does not concede that this Court has proper federal subject matter jurisdiction, to the extent that Plaintiff lacks standing under Article III of the United States Constitution to bring a TCPA claim or to seek injunctive relief.

    **B.     Briefly describe the nature of the claims asserted in the complaint**

**Plaintiff's Statement**: Plaintiff brings this action to enforce the consumer-privacy provisions

of the TCPA, alleging that Defendant sent telemarketing calls (specifically text messages) to numbers on the National "Do Not Call" ("DNC") Registry. *See* Dkt. 20. Because telemarketing calls can be made to thousands or even millions of individuals, Plaintiff brings this action on behalf of proposed nationwide Class of other persons who were sent similar calls and the putative class is tentatively defined below:

> **National Do Not Call Registry Class**: All persons throughout the United States (1) who did not provide their telephone number to Newity, LLC (2) to whom Newity, LLC delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Newity, LLC's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Newity, LLC delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

**Defendant's Statement:** Defendant disputes Plaintiff's allegations in their entirety and denies all liability or that this case is capable of or appropriate for class treatment. Defendant has moved to dismiss Plaintiff's operative pleading, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 22.

    **C.**    **Describe the relief sought.**

**Plaintiff's Statement**: On behalf of the putative class pled, the Plaintiff is seeking a statutory damages award of up to $1,500 in damages for each call made. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Newity from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**Defendant's Statement:** Defendant denies that it violated the TCPA or any other law, that Plaintiff or any putative class member is entitled to any relief (including in particular injunctive relief), or that this case is capable of or appropriate for class treatment

    **D.**    **State whether there has been a jury demand**

Yes.

    **E.**    **List the names of any parties who have not yet been served.**

All currently named parties have been served.

## II. Discovery and Pending Motions

### A. Identify any pending motions.

Defendant has a pending motion to dismiss (*see* Dkt. 22). Should the Court so requires, Defendant will file a formal motion for protective order seeking to stay discovery during the pendency of its motion to dismiss or alternatively to bifurcate discovery (*see* Section II.B. below). The Parties also anticipate filing a joint motion for protective order, governing the production and handling of confidential documents, should discovery proceed.

### B. Submit a proposal for discovery and a case management plan that includes the following information: (1) the type of discovery needed, including any potential electronic discovery or bifurcated discovery; (2) the need for any proposed protective orders; (3) a date for Rule 26(a)(1) disclosures; (4) a date for the completion of fact discovery; and (5) whether there will be expert discovery.

The Parties do not agree to a discovery or case management schedule, and thus respectfully provide their respective positions below.

*Plaintiff's Position*: The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support her anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls; (3) ESI related to any purported consent to receive calls and requests by recipients to no longer receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

Plaintiff intends to submit expert testimony relevant to class certification and that expert

3

discovery prior to class certification will likely be necessary as a result.

Plaintiff suggests the following schedule:

| Event | Deadline |
|---|---|
| Mandatory Initial Disclosures | October 27, 2025 |
| Amendment to the pleadings | January 19, 2026 |
| Disclosure of Expert Report(s) | July 20, 2026 |
| Class Certification Motion | September 14, 2026 |
| Dispositive Motions | September 14, 2026 |

***Plaintiff Opposes a Stay of Discovery:*** A party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion to stay all or a portion of the case. *See Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961, 129 S. Ct. 2275, 173 L. Ed. 2d 1285 (2009). "Filing a motion to dismiss does not automatically stay discovery." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 U.S. Dist. LEXIS 57876, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016).

As a general matter, "courts disfavor stays of discovery because they bring resolution of the dispute to a standstill." *Am. Senior Communities, LLC v. Burkhart*, 2019 U.S. Dist. LEXIS 16021, 2019 WL 415614, at *2-3 (S.D. Ind. Feb. 1, 2019). Here, the Defendant requests an indefinite stay of discovery while their motion to dismiss is pending. Such a discovery stay risks substantial prejudice to the Plaintiff and should be denied.

The potential destruction of this evidence necessitates timely discovery consistent with the rules. Here, the Plaintiff's putative class is based off the fact that the TCPA claims are governed by

the four year federal statute of limitations in 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court). However, not all telecommunications companies, including the companies that are used to engage in automated telemarketing, keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period. There has been no indication that these companies have preserved records of all telemarketing calls they, or any vendor they engaged, made to putative class members.

    The risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Mr. Pasco was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

    As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al*., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019);

*Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). There are also other prejudices not associated with calling records that the Plaintiff will face from a stay. *See Sanaah v. Howell*, 2009 Civil Action No. 08-cv-02117-REB-KLM, U.S. Dist. LEXIS 35260, *2 (D. Colo. Apr. 9, 2009) ("with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."). Here, the Plaintiff is simply seeking to proceed in the ordinary course with discovery. In denying a motion to stay, another federal court considered this issue in a TCPA case:

> In addition, Orangetheory has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. Simon, on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.
>
> …
>
> In the meantime, it is clear that critical evidence, including [*22] records from any third parties that Orangetheory may have contracted with for its telephone marketing, may be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, Case No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-22 (S.D.N.Y. Aug. 19, 2019).

A stay also compounds the already-substantial difficulty of gathering this information because over time relevant employees leave, class members die or move, documents or data are lost or corrupted, and memories fade. *See Young v. Peraza*, No. 1560968-CIV, 2015 WL 4639736, at *2 (S.D. Fla. Aug. 4, 2015) ("Were the Court to grant the Motion [to stay], Plaintiff would stand to suffer

prejudice as the memories of eyewitnesses faded with the passage of time."); *Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, No. 16-CV-62175, 2016 WL 6777896, at *1 (S.D. Fla. Nov. 16, 2016) ("when discovery is delayed or prolonged it can create case management problems which impede the [c]ourt's responsibility. Furthermore, subjecting Plaintiff and putative class members to the stay Realgy propose is inherently prejudicial because it substantially delays their recovery. *See Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016) ("Plaintiff have a strong interest in being fully compensated for their losses as soon as possible, and therefore, a stay is not appropriate."); *United States v. Swissco Properties within S. Dist.*, 821 F. Supp. 1472, 1475 (S.D. Fla. 1993) ("justice delayed is justice denied."); *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987) ("Plaintiffs have a substantial interest in the efficient conduct of this complex litigation").

Even apart from the substantial prejudice of evidence loss, courts in this Circuit recognize that motions to dismiss—particularly those raising disputed questions of statutory interpretation—do not justify a stay. Defendant points to cases granting temporary stays, but those matters involved motions that raised discrete threshold defenses, such as sovereign immunity or jurisdictional bars, which, if granted, would have disposed of the case entirely. By contrast, Defendant's motion challenges whether text messages fall within the DNC provisions of the TCPA, an issue that has been repeatedly rejected by federal courts and the FCC alike. This is not a threshold bar to jurisdiction or standing, but rather a merits argument that the Court is unlikely to resolve without factual development. Allowing discovery to proceed avoids unnecessary delay and ensures that, if Defendant's motion is denied in whole or in part, the case will be on track without further prejudice to Plaintiff or the putative class.

**Plaintiff Opposes Bifurcated Discovery**: The Plaintiff opposes bifurcating discovery and requests that this Court deny that request Judge Bucklo recently did in a TCPA case last year. *See*

7

*Zielonksi v. eHealth Insurance Services, Inc.,* Civil Action No. 23-cv-16406, ECF No. 29 (N.D. Ill. July 12, 2024) ("Defendant's motion to dismiss, motion to strike class allegations, and motion to bifurcate discovery are denied…I am not going to delay this case further through bifurcation of discovery.") Indeed, faced with a nearly identical motion, Judge Harjani denied the request in another TCPA case in 2023:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). The Court should hold the same here.

Defendant's reliance on decisions such as *Moore v. Demand Science Grp., LLC* is misplaced. In *Moore*, the court accepted bifurcation because the overlap between the plaintiff's individual claim and class issues was minimal, and the plaintiff's standing was sharply in dispute. That is not the situation here. Plaintiff's individual claim is not meaningfully separable from classwide issues because the same core records—dialer or texting logs, lead vendor data, scrubbing procedures, and consent policies—bear directly on whether Defendant contacted Plaintiff as well as thousands of others on the National Do Not Call Registry. Unlike in *Moore*, there is no "narrow, potentially dispositive" threshold issue that can be resolved without examining classwide evidence.

Equally important, courts in this District—including in *Zielonksi v. eHealth Insurance Services, Inc.* and *Katz v. Allied First Bank*—have already declined to bifurcate TCPA discovery for precisely this reason. As those courts recognized, class and merits discovery substantially overlap in TCPA cases, and bifurcation does not promote efficiency but instead invites duplication and delay.

8

Defendant's cited cases from outside the Circuit do not outweigh the consistent practice in this District of rejecting bifurcation in TCPA matters where the evidence needed to resolve the plaintiff's claim is the same evidence that bears on Rule 23 certification. Proceeding with unified discovery is therefore the more efficient and equitable approach here.

*Defendant's Position*: Defendant respectfully disagrees with Plaintiff as to the scope and timing of discovery in this case. Specifically as to scope, Defendant submits that, if discovery in this matter proceeds, evidence in this matter may include (but may not be limited to) relevant documents and witness testimony relating to, supporting, and with respect to jurisdictional issues, Defendant's alleged liability, the merits of Plaintiff's underlying TCPA claim and Defendant's affirmative defenses thereto, Plaintiff's constitutional or prudential standing to bring the asserted claims, causation, class certification, class membership, and damages. Third party discovery may also be required. Evidence may also include the devices assigned to the subject phone number(s) in the Complaint and relevant evidence in the possession of third parties, if any.

Specifically as to the timing, Defendant believes that discovery should be stayed during the pendency of its motion to dismiss and/or bifurcated, with individual discovery to proceed class discovery, for the sake of judicial and party economy. As Defendant believes the Court and parties may benefit from fully briefing on these complex issues, Defendant requests leave to file a formal motion for protective order seeking such relief, and therefore respectfully requests that the Court refrain from entering a discovery schedule at this time. To the extent the Court would not prefer formal briefing, Defendant submits the following for the Court's consideration:

*Discovery Should Be Temporarily Stayed*: As noted above, Defendant has filed a motion to dismiss the operative complaint in its entirety and with prejudice (*see* Dkt. 22) on various grounds, including on the threshold basis that text messages (which are the sole basis of Plaintiff's claim) are

9

not subject to the DNC provisions of the TCPA as a matter of law. That motion remains pending. As such, Defendant's position is that temporary stay of discovery pending resolution of the motion to dismiss is appropriate for the sake of judicial and party economy. Courts in this District have often granted such temporary stays during the pendency of a dispositive motion, especially where the pending motion could resolve an important threshold issue (as Defendant's motion at bar raises). *See, e.g. Lord v. PDD Holdings, Inc.,* 2024 WL 5432081, at *2 (N.D. Ill. Feb. 28, 2024) (collecting cases); *Liggins v. Reicks*, 2021 WL 2853359, at *1 (N.D. Ill. Jul. 8, 2021); *Witz v. Great Lakes Educations Loan Servs., Inc.,* 2020 WL 8254382, at *1 (N.D. Ill. Jul. 30, 2020); *OSF Healthcare Sys. v. SEIU Healthcare IL Pers. Assistants Health Plan,* 2021 WL 7708963, at *2–3 (N.D. Ill. Oct. 4, 2021); *In re Clearview AI, Inc. Consumer Priv. Litig.,* 2021 WL 5862495, at *1–2 (N.D. Ill. Aug. 31, 2021); *Libman v. Great N. Ins. Co.,* 2018 WL 905510, at *2 (N.D. Ill. Feb. 15, 2018); *Bianchi v. Tonigan,* 2012 WL 5906536, at *1 (N.D. Ill. Nov. 26, 2012). So should this Court.

**Alternatively Discovery Should be Bifurcated**: Alternatively, if discovery proceeds, Defendant believes bifurcated discovery—during which the parties would initially focus discovery for a period of 90 to 120 days on the merits of Plaintiff's individual TCPA claims before moving on to broader discovery (if at all)—would be more efficient for all. Courts in this District and elsewhere have often bifurcated discovery in TCPA cases for this reason. *See, e.g., Moore v. Demand Science Grp, LLC*, 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024) (bifurcating discovery in a similar putative TCPA class action involving some of the same counsel representing Plaintiff alleging violations of the he TCPA's "Do Not Call" provisions, and rejecting all of the same arguments made against bifurcation made by Plaintiff above, holding: "The Court is concerned about wholly unnecessary discovery, so it grants the motion for bifurcation … because it is more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and

merits discovery is minimal"). *See also Paul Sapan v. Fin. of Am. Reverse LLC*, 2025 WL 1932935, at *1 (C.D. Cal. July 14, 2025) (ruling similarly); *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024) (same). As one court noted when granting a motion to bifurcate, "[i]n cases [such as this one] asserting both individual liability and potential class action claims under the TCPA, courts have [often] bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)). These courts and many others have correctly recognized TCPA class actions "present a unique opportunity that warrants bifurcated discovery due to th[e] cost savings" that can be realized and the prejudice that can be avoided by wasting time early on costly class discovery—unlike other types of class actions where perhaps bifurcation may not be as beneficial. *Cameron v. CHW Group, Inc.,* 2025 WL 2336513, at *3 (D. Utah Aug. 13, 2025) (bifurcating discovery in similar TCPA DNC case). This Court should rule similarly. Plaintiff's cited authorities above (which are distinguishable for many reasons) should be rejected.

In accordance with the foregoing authorities, Defendant proposes that, if discovery proceeds in this matter, the Court should enter the following bifurcated discovery schedule:

- Discovery as to the merits of Plaintiff's individual claims to proceed for a period of ninety (90) to one hundred twenty (120) days after entry of the Court's scheduling order (no class discovery allowed during this period);
- Opening summary judgment motions as to the merits of Plaintiff's individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);
- Oppositions to summary judgment due thirty (30) days after service of opening motions; and
- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

Defendant further proposes that the Court set a further case management conference, at the Court's

11

convenience, after the initial discovery period with respect to Plaintiff's individual TCPA claim to order to set (if necessary and should this case proceed) a schedule for class claim discovery and all other case management deadlines.

### III.     Settlement and Referrals

    **A.**     **State whether any settlement discussions have occurred and describe the status of any settlement discussions.**

The Parties have discussed settlement. Plaintiff believes that more discovery is needed at this time to make those conversations productive.

    **B.**     **State whether the parties request a settlement conference at this time before this Court or the Magistrate Judge.**

The Parties are not requesting a settlement conference at this time.

    **C.**     **State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to the Magistrate Judge's jurisdiction. (Do not report whether individual parties have so consented.)**

The Parties have done so.

Dated: October 15, 2025

Respectfully submitted,

By: /s/ Anthony I. Paronich
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Class*

By: A. Paul Heeringa (with permission)
A. Paul Heeringa (ARDC # 6288233)
MANATT, PHELPS & PHILLIPS LLP
151 N. Franklin Street, Suite 2600

Chicago, Illinois 60606
(312) 529-6300
pheeringa@manatt.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that, on October 15, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

/s/ *Anthony I. Paronich*