IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANA MUJAHID, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEWITY LLC,<br><br>Defendant. | Case No. 1:25-cv-08012<br><br>Judge: Hon. Jorge L. Alonso |

**DEFENDANT'S MOTION TO STAY PROCEEDING PENDING APPEAL OR, ALTERNATIVELY, CERTIFY THE COURT'S ORDER DATED NOVEMBER 10, 2025 FOR INTERLOCUTORY APPEAL**

Defendant Newity LLC ("Newity"), by and through its undersigned counsel, hereby respectfully moves and requests that the Court (i) stay these proceedings pending the outcome of the appeal in *Jones v. Blackstone Med. Servs., LLC,* 2025 WL 2042764 (C.D. Ill. July 21, 2025) (*i.e., Steidinger, et al. v. Blackstone Medical Services,* No. 25-2398 (hereafter, the "*Jones* Appeal")), or (ii) in the alternative, certify the Court's interlocutory order (*see* Dkt. 32, the "Order") denying Newity's Motion to Dismiss (*see* Dkts. 23 and 31, the "Motion") for immediate appeal to the Seventh Circuit under 28 U.S.C. § 1292(b). In support thereof, Newity states as follows:

1. Plaintiff Sana Mujahid's ("Plaintiff") First Amended Complaint ("FAC") alleges that Newity violated the National "Do Not Call" ("DNC") Registry provisions of the federal Telephone Consumer Protection Act (*i.e.,* 47 U.S.C. § 227(c), *et seq.,* the "TCPA") by allegedly sending text messages to her cell phone number without her consent. *See generally* Dkt. 20.

2. On September 29, 2025, Newity moved to dismiss Plaintiff's FAC on the grounds that, among other things, text messages (a form of technology which did not exist at the time of the

TCPA's enactment in 1991) are not covered by Section 227(c) of the TCPA and its related implementing regulations. Thus, Plaintiff's TCPA DNC claim fails as a matter of law. *See, e.g., See* Dkt. 23 at 2, 4-8 (discussing, *inter alia, Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4-5 (C.D. Ill. July 21, 2025); *Davis v. CVS Pharmacy, Inc.,* 2025 WL 2491195, at *1-4 (N.D. Fla. Aug. 26, 2025)); *see also* Dkt. 31 at 1-9 (discussing, *Aliana El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025)).

3. On November 10, 2025, the Court denied Newity's Motion, expressing disagreement with the *Jones* decision (*supra*) on this point, and held that "the phrase 'telephone call,' as used in § 227(c), encompasses 'text messages.'" Dkt. 32 at 3, 5. However, this is an issue of first impression for the Seventh Circuit, and at least three other courts (*Jones*, *Davis*, and *El Sayed*) have reached contrary decisions. The Seventh Circuit is presently set to resolve this very issue in the *Jones* Appeal.

4. Consequently, a stay of this case is appropriate pending the outcome of the *Jones* Appeal, for the sake of judicial and party economy, since it involves the same critical threshold dipositive issue of law which may potentially dispose of this entire action and would not result in any undue prejudice to Plaintiff. At least two other district courts in this Circuit have entered stays pending resolution of the same legal issue. *See, e.g., Richards v. Fashion Nova, LLC*, 2025 WL 3167069, at *2 (S.D. Ind. Oct. 27, 2025) (granting stay holding: "[I]f the [c]ourt finds the TCPA does not apply to text messages, [p]laintiff will have no claim under the TCPA... this factor favors a stay."); *Richards v. Shein Distribution Corp.*, 2025 WL 3079658, at *1 (S.D. Ind. Nov. 4, 2025) (ruling similarly). This Court should rule similarly here, and enter a stay. *See also Garvey v. Fortegra Fin. Corp.,* 2017 WL 3669036, at *2 (N.D. Ill. Aug. 14, 2017) (stay pending appeal granted in TCPA class action where, as here, the "decision will strongly influence the needs of this case, issues at stake, importance of the discovery in dispute here, and burden or expense to the litigant.").

5. Alternatively, Newity respectfully requests that the Court certify its Order on this point for interlocutory appeal under 28 U.S.C. § 1292(b).[1] *See Payton v. Union Pac. R.R. Co.*, 2025 WL 3012662, at *1-2 (N.D. Ill. Oct. 28, 2025) (**Alonso, J**.) (granting similar motion, staying case, and discussing the requirements for certification under 1292(b)); *In re Lion Air Flight JT 610 Crash,* 2023 WL 3653217, at *2 (N.D. Ill. May 25, 2023)(same). Along these lines, whether the TCPA's DNC provisions cover text messages is undoubtedly a controlling legal question as to which there are substantial grounds for differences of opinion—in fact, this is an issue of first impression for the Seventh Circuit and at least three other courts have reached contrary decisions as noted above—and an immediate appeal would speed up the resolution of this case (indeed, it would end it). It is also an important unsettled legal question that could impact countless similar cases filed in this Circuit, and thus presents a special instance where the Seventh Circuit's immediate guidance is needed. Therefore, all of the requirements under § 1292(b) are met here.

6. Moreover, if the Court certifies its Order, it should also stay this case pending the outcome of the appellate proceedings, also for the sake of judicial and party economy.

7. Defendant's Motion is supported by a memorandum of law, which is being filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, for all the reasons stated above and in the accompanying memorandum of law in support, Defendant respectfully requests that the Court enter an order (i) staying this case in its entirety pending resolution of the *Jones* appeal; or (ii) alternatively, in accordance with Fed. R. App. P. 5(a)(3), enter an amended order on the Motion, stating as follows (or similarly):

*As to the Court's interlocutory order of November 10, 2025 order (Dkt. 32, the "Order"), the*

---

[1] Though the *Jones* Appeal involves the same legal issue, Newity respectfully submits that the Court's Order and the different circumstances in this case (especially considering that this Court reached the polar opposite conclusion than its sister court in *Jones*) warrant a separate appeal.

*Court hereby amends and certifies its Order for interlocutory appeal in accordance with 28 U.S.C. § 1292(b), and finds, and is of the opinion, that the Order involves controlling questions of law as to which there is substantial grounds for difference of opinion—specifically, whether text messages are covered by, and qualify as "calls" under, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)—and an immediate appeal from the Order may materially advance the ultimate termination of the above-captioned litigation. This case is also stayed during the pendency and until the conclusion of the appellate proceedings, pending further order of this Court.*

Dated: November 17, 2025  Respectfully submitted,

By: /s/ A. Paul Heeringa

A. Paul Heeringa (IL ARDC #6288233)
**MANATT, PHELPS & PHILLIPS, LLP**
151 N. Franklin St., Suite 2600
Chicago, Illinois 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com

*Counsel for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on, November 17, 2025, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

*/s/ A. Paul Heeringa*