**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SANA MUJAHID, on behalf of herself and all
others similarly situated,

                Plaintiff,

     v.

NEWITY LLC,

                Defendant.

Case No. 1:25-cv-08012

Judge: Hon. Jorge L. Alonso

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY
PROCEEDING PENDING APPEAL OR, ALTERNATIVELY, CERTIFY THE COURT'S
<u>ORDER DATED NOVEMBER 10, 2025 FOR INTERLOCUTORY APPEAL</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     ARGUMENT ............................................................................................................... 3

      A.     The Court Should Stay This Case Pending Resolution of the *Jones* Appeal. ....... 3

      B.     Alternatively, the Court Should Certify the Order for Interlocutory Appeal. ..................................................................................................................... 8

III.    CONCLUSION .......................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ahrenholz v. Bd. of Trustees of Univ. of Ill.*,
219 F.3d 674 (7th Cir. 2000) ...........................................................8, 9, 10

*Aliana El Sayed v. Naturopathica Holistic Health, Inc.*,
2025 WL 2997759 (M.D. Fla. Oct. 24, 2025) ...........................................1, 4, 10, 11

*Amodeo v. Grubhub, Inc.*,
2017 WL 5166647 (N.D. Ill. Aug. 11, 2017) .......................................................4, 8

*Ankcorn v. Kohl's Corp.*,
2017 WL 395707 (N.D. Ill. Jan.30, 2017) ................................................................7

*Babare v. Sigue Corp.*,
2020 WL 8617424 (W.D. Wash. Sep. 30, 2020) ....................................................7

*Boim v. Quranic Literacy Inst.*,
291 F3d 1000 (7th Cir. 2002) ................................................................10

*Brewton v. City of Harvey*,
319 F. Supp. 2d 890 (N.D. Ill. 2004) ...............................................................9

*Canady v. Bridgecrest Acceptance Corp.*,
2020 WL 5249263 (D. Ariz. Sept. 3, 2020)...........................................................12

*Davis v. CVS Pharmacy, Inc.*,
2025 WL 2491195 (N.D. Fla. Aug. 26, 2025) ...........................................1, 4, 10, 11

*Dawoudi v. Nationstar Morg., LLC*,
2016 WL 8711604 (N.D. Ill. Sept. 16, 2016) ....................................................8

*Fleury v. Union Pac. R.R. Co.*,
2021 WL 2588752 (N.D. Ill. June 23, 2021) (**Alonso, J**.)......................................3

*Garvey v. Fortegra Fin. Corp.*,
2017 WL 3669036 (N.D. Ill. Aug. 14, 2017) ...............................................2, 4, 8

*Gensel v. Performant Techs., Inc.*,
2015 WL 6158072 (E.D. Wis. Oct. 20, 2015) .......................................................5, 8

*Hagenbuch v. Sonrai Sys.*,
2015 WL 14097374 (N.D. Ill. Sept. 29, 2015) ................................................12

*In re CenturyLink Sales Pracs. & Sec. Litig.*,
2018 WL 2122869 (D. Minn. May 8, 2018)..............................................................7

*In re Lion Air Flight JT 610 Crash*,
2023 WL 3653217 (N.D. Ill. May 25, 2023).............................................8, 9, 10, 11

*In re Potash Antitrust Litig.*,
2010 WL 11583542 (N.D. Ill. Jan. 13, 2010) ..................................................10

**TABLE OF AUTHORITIES**
(continued)

Page

*Johnson v. Burken*,
930 F.2d 1202 (7th Cir. 1991) ................................................................9

*Jones v. Blackstone Med. Servs., LLC*,
2025 WL 2042764 (C.D. Ill. July 21, 2025) ................................. passim

*Kotlyar v. Univ. of Chicago Med. Ctr.*,
2017 WL 5911287 (N.D. Ill. Nov. 30, 2017) ...............................3, 4, 6, 8

*Landis v. North Am. Co.*,
299 U.S. 248 (1936) ..............................................................................3

*Nat'l Police Ass'n, Inc. v. Gannett Co.*,
2021 WL 5364207 (S.D. Ind. Oct. 25, 2021) ...........................................6

*Osidi v. Assurance IQ, LLC*,
2022 WL 623733 (D. Mass. Mar. 3, 2022) ............................................10

*Payton v. Union Pac. R.R. Co.*,
2025 WL 3012662 (N.D. Ill. Oct. 28, 2025) (**Alonso, J**.) ............. passim

*Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*,
2014 WL 413534 (D.N.J. Feb. 4, 2014) ...................................................7

*Raimo v. Washington Univ. in St. Louis*,
2021 WL 243559 (E.D. Mo. Jan. 25, 2021) ...........................................12

*Richards v. Fashion Nova, LLC*,
2025 WL 3167069 (S.D. Ind. Oct. 27, 2025) ...............................2, 6, 8, 10

*Richards v. Shein Distribution Corp.*,
2025 WL 3079658 (S.D. Ind. Nov. 4, 2025)..............................................1

*Richards v. Shein Distribution Corp.*,
2025 WL 3079658 (S.D. Ind. Nov. 4, 2025) ........................................6, 8

*S.E.C. v. Buntrock*,
2003 WL 260711 (N.D. Ill. Feb. 3, 2003) .............................................10

*Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Assocs.*,
Inc., 86 F.3d 656 (7th Cir. 1996) ...........................................................9

*Steidinger, et al. v. Blackstone Medical Services*,
No. 25-2398 .........................................................................................1

*Sterk v. Redbox Automated Retail, LLC*,
672 F.3d 535 (7th Cir. 2013) ...............................................................11

*Tel. Sci. Corp. v. Asset Recovery Sols., LLC*,
2016 WL 47916 (N.D. Ill. Jan. 5, 2016)...............................................6, 8

*Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*,
410 F.3d 964 (7th Cir. 2005) .................................................................3

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Uniloc USA, Inc. v. Exclusive Grp. LLC*,
  2018 WL 11229418 (S.D. Ind. Aug. 29, 2018) ........................................................6

*Unwired Planet, LLC v. Square, Inc.*,
  2014 WL 4966033 (D. Nev. Oct. 3, 2014) ............................................................7

**STATUTES**

28 U.S.C. § 1292(b) .................................................................................... passim

47 U.S.C. § 227(c)(5) ................................................................................. passim

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200(c) ..................................................................................1, 13

**RULES**

Fed. R. App. P. 5(a)(3) ..................................................................................8, 13

## I.    <u>INTRODUCTION</u>

For the reasons below, Defendant Newity, LLC ("Newity") respectfully requests that the Court (i) stay these proceedings pending the outcome of the appeal in *Jones v. Blackstone Med. Servs., LLC,* 2025 WL 2042764 (C.D. Ill. July 21, 2025) or (ii) in the alternative, certify the Court's interlocutory order (*see* Dkt. 32, the "Order") denying Newity's Motion to Dismiss (*see* Dkts. 23 and 31, the "Motion") for immediate appeal to the Seventh Circuit under 28 U.S.C. § 1292(b).

This motion involves a single, but critical legal question: whether text messages are covered by the plain language of "Do Not Call" ("DNC") provisions of Telephone Consumer Protection Act ("TCPA"). *See* 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). As discussed at length in Newity's dispositive Motion, the answer is that texts are <u>not</u> covered; thus, Plaintiff's DNC claim here, which is based entirely on her alleged receipt of texts, fails as a matter of law. *See* Dkt. 23 at 2, 4-8 (citing, *inter alia, Jones* and *Davis*); *see also* Dkt. 31 at 1-9 (citing, *inter alia, El Sayed*). In denying the Motion, however, this Court apparently disagreed with Newity and other district courts on this point. *See* Dkt. 32 at 5 (citing, *inter alia, Jones*).

Though Newity respectfully disagrees with the Court's decision, it does not seek reconsideration here because the Seventh Circuit will soon definitively resolve this issue for the Court and parties. That is because the *Jones* case—where a district court in the Central District of Illinois agreed with Newity's interpretation of the TCPA DNC's rules and dismissed a similar case—is currently on appeal to the Seventh Circuit. *See generally Steidinger, et al. v. Blackstone Medical Services,* No. 25-2398 (hereafter, the "*Jones* Appeal"). Consequently, a stay of this case is appropriate pending the outcome of the *Jones* Appeal, for the sake of judicial and party economy, since it involves the same critical threshold dipositive issue of law which may potentially dispose of this entire action. *See, e.g., Richards v. Shein Distribution Corp.*, 2025 WL 3079658, at *1 (S.D.

1

Ind. Nov. 4, 2025) ("[G]iven the Seventh Circuit appeal [in *Jones*] and the pending motion to dismiss—either of which could bring this litigation to an end—the Court's broad discretion is best exercised in granting a stay. Doing so will simplify the issues, impose a minimal burden on Plaintiff, and reduce the burden of litigation on the Court and the parties."); *Richards v. Fashion Nova, LLC*, 2025 WL 3167069, at *2 (S.D. Ind. Oct. 27, 2025) (granting stay pending resolution of the same legal issue holding: "[I]f the [c]ourt finds the TCPA does not apply to text messages, [p]laintiff will have no claim under the TCPA... this factor favors a stay."); *see also Garvey v. Fortegra Fin. Corp.,* 2017 WL 3669036, at *2 (N.D. Ill. Aug. 14, 2017) (stay pending appeal granted in TCPA class action where, as here, the "decision will strongly influence the needs of this case, issues at stake, importance of the discovery in dispute here, and burden or expense to the litigant."). Indeed, if the Seventh Circuit holds that the private right of action under the DNC provisions does not apply to texts in *Jones*, that ruling would be fully case dispositive in the present matter. As such, it would be inefficient and wasteful for this case to continue now, when the Seventh Circuit's ruling in the *Jones* Appeal could totally up-end everything. Therefore, a stay is appropriate.

Alternatively, Newity respectfully requests that the Court certify its Order on this point for interlocutory appeal under 28 U.S.C. § 1292(b).[1] *See Payton v. Union Pac. R.R. Co.*, 2025 WL 3012662, at *1-2 (N.D. Ill. Oct. 28, 2025) (**Alonso, J**.) (granting similar motion, staying case, and discussing the requirements). Whether the TCPA's DNC provisions cover text messages is undoubtedly a controlling legal question as to which there are substantial grounds for differences of opinion—in fact, this is an issue of first impression for the Seventh Circuit and at least three other courts have reached contrary decisions—and an immediate appeal would speed up the

---

[1] Though the *Jones* Appeal involves the same legal issue, Newity respectfully submits that the Court's Order and the different circumstances in this case (especially considering that this Court reached the polar opposite conclusion than its sister court in *Jones*) warrant a separate appeal.

resolution of this case (indeed, it would end it). It is also an important, unsettled legal question that could impact countless similar cases filed in this Circuit, and thus presents a special instance where the Seventh Circuit's immediate guidance is needed. Therefore, all of the certification requirements under § 1292(b) are met here. Moreover, if the Court certifies its Order, it should also stay this case pending the outcome of the appellate proceedings, for the sake of judicial and party economy.

## II.   ARGUMENT

### A.   The Court Should Stay This Case Pending Resolution of the *Jones* Appeal.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). *Garvey,* 2017 WL 3669036, at *2 (stay pending appeal granted in TCPA class action, applying *Texas Indep. Producers*). Along those lines, district courts in this Circuit "generally consider three factors in deciding whether to stay a case: (1) whether there would be undue prejudice or tactical disadvantage to the non-moving party, (2) whether a stay would simplify the issues in question, and (3) whether a stay would reduce the burden of litigation on the parties and the court." *Kotlyar v. Univ. of Chicago Med. Ctr.*, 2017 WL 5911287, at *2 (N.D. Ill. Nov. 30, 2017) (TCPA case); *see also Fleury v. Union Pac. R.R. Co.*, 2021 WL 2588752, at *1 (N.D. Ill. June 23, 2021) (**Alonso, J.**) (applying the same three factors in granting motion to stay pending resolution of related appeals). As shown below, all three factors weigh heavily in favor of a stay in this case.

### 1.   A Stay Is Warranted Because The Threshold Issue – Whether A Text Message Constitutes A Phone Call Under The TCPA – Is Dispositive.

Plaintiff's sole claim in her First Amended Complaint hinges on allegations that Newity sent her text messages in violation of Section 227(c)(5) of the TCPA. *See generally* Dkt. 20.

Section 227(c)(5), on its face, provides a private right of action to "[a] person who has received more than one *telephone call* within any 12-month period … in violation of the regulations prescribed under this subsection …." 47 U.S.C. § 227(c)(5) (emphasis added). Thus, applying recent Supreme Court authority (*i.e.*, *McLaughlin* and *Loper*), courts have analyzed the statutory text and legislative history and have recognized that "telephone call" does not include text messages, which did not exist when the DNC provisions were enacted, and consequently have dismissed on this basis. *See* Dkt. 23 at 2, 4-8; Dkt. 31 at 1-9. Thus, whether text messages are considered "telephone calls" under 47 U.S.C. § 227(c)(5) is a critical, dispositive issue in this case.

Though the circumstances are reversed (in that the *Jones* cases was dismissed on this basis, and it is the plaintiff who is appealing there), the same issue is presently pending before the Seventh Circuit in the *Jones* Appeal. If the Seventh Circuit determines that Section 227(c)(5) does not apply to text messages, as Newity argues in its Motion and as other courts (*e.g., Jones*, *Davis*, and *El Sayed*) have found, Plaintiff's claim here fails as a matter of law. Resolution of this key issue by the Seventh Circuit could simply the issues in this case, and in fact it could eliminate it.

Courts in this Circuit have historically granted stays in similar situations, where a TCPA threshold legal issue was at stake on appeal, for the sake of judicial and party economy. *See, e.g., Kotlyar*, 2017 WL 5911287, at \*4 ("A ruling in [a pending DC Circuit appeal] . . . could narrow Plaintiff's claims, reduce the amount of discovery that is necessary, or even completely dispose of certain issues. This weighs in favor of granting a stay."); *Garvey,* 2017 WL 3669036, at \*2 (stay pending appeal granted in TCPA class action as to the definition of an  where the "decision will strongly influence the needs of this case, issues at stake, importance of the discovery in dispute here, and burden or expense to the litigant."); *Amodeo v. Grubhub, Inc*., 2017 WL 5166647, at \*1 (N.D. Ill. Aug. 11, 2017) (staying putative TCPA class action pending appellate proceedings which

"will materially affect Plaintiff's claims in this case."); *Gensel v. Performant Techs., Inc.,* 2015 WL 6158072, at *2 (E.D. Wis. Oct. 20, 2015) (stay of TCPA class action granted where a ruling by the Seventh Circuit "would be dispositive of the instant case," and stay was thus "in the interest of judicial economy."). The *Garvey* case is instructive on this point. There, the issue on appeal at that time (which was to the D.C. Circuit) was the definition of an "automatic telephone dialing system" under Section 227(b) of the TCPA. *See* 2017 WL 3669036, at *1. Judge Norgle granted the stay pending the outcome of the appellate proceedings in that case, noting that "the pending D.C. Circuit decision could remove a substantial portion of the issues most critical to the resolution of th[e] litigation" at bar, and he rejected the plaintiff's argument that he would suffer any "undue prejudice" as a result of the stay. *Id.* at *1-2. This Court should reach the same conclusions here.

In fact, two district courts in this Circuit recently stayed TCPA cases pending resolution of the question of whether Section 227(c)(5) applies to text messages, correctly finding a ruling on this issue could simplify the issues in the cases at bar. *See, e.g., Fashion Nova, LLC*, 2025 WL 3167069, at *2 (granting stay pending resolution of the same legal issue holding: "[I]f the [c]ourt finds the TCPA does not apply to text messages, [p]laintiff will have no claim under the TCPA... this factor favors a stay."); *Shein Distribution Corp.*, 2025 WL 3079658, at *1 ("[G]iven the Seventh Circuit appeal and the pending motion to dismiss—either of which could bring this litigation to an end—the Court's broad discretion is best exercised in granting a stay. Doing so will simplify the issues, impose a minimal burden on Plaintiff, and reduce the burden of litigation on the Court and the parties.").[2] The same result is warranted here. As such, the first factor for a stay is met.

---

[2] Newity is mindful that the *Fashion Nova* and *Shein* courts did not enter a stay pending the outcome of the *Jones* Appeal (though the *Shein* decision is less clear in that regard), but rather that the courts stayed discovery pending resolution of the defendants' pending motions to dismiss on that same issue. Nevertheless, the reasoning as to why a stay was appropriate in *Fashion Nova* and *Shein*—that this is an important threshold dispositive issue—rings true here.

### 2.    Plaintiff Will Not Be Unduly Prejudice By A Brief Stay.

The lack of prejudice to Plaintiff further supports a stay of the present case, as courts in this Circuit have found. *See, e.g.*, *Garvey*, *Amoedo*, *Fashion Nova* and *Shein*, *supra*. Indeed, this case is still in its early stages and discovery has not yet begun, which weighs in favor of a stay. *See Fashion Nova* 2025 WL 3167069, at *2 (finding this factor weighed in favor of stay in TCPA case in similar procedural posture); *see also Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, 2016 WL 47916, at *5 (N.D. Ill. Jan. 5, 2016) ("[T]his case is in its early stages, which equates to a potential for significant savings for both parties in terms of their time, expenses, and resources required to move forward with this litigation."); *Kotlyar*, 2017 WL 5911287, at *2 (finding this factor weighed in favor of stay where the case was still in preliminary stages).

Further, the briefing on the *Jones* Appeal is set to conclude in early January. Thus, a stay would likely be brief. This too weighs in favor of a stay. *See, e.g., Kotlyar* and *Amoedo*, *supra*. While Plaintiff may have an interest in the just resolution of her case, a mere threat of delay is not sufficient to show prejudice. *See, e.g., Uniloc USA, Inc. v. Exclusive Grp. LLC*, 2018 WL 11229418, at *2 (S.D. Ind. Aug. 29, 2018) ("[T]he Court acknowledges that granting a stay will delay Plaintiffs' case; however, this factor alone is insufficient to show undue prejudice.").

And though Newity anticipates Plaintiff may argue otherwise in response to this motion, "general assertions" that "memories may fade, and documents may be inadvertently destroyed"— which are risks inherent in any stay— are "[w]ithout more . . . insufficient to justify a conclusion of undue prejudice." *Nat'l Police Ass'n, Inc. v. Gannett Co.,* 2021 WL 5364207, at *3 (S.D. Ind. Oct. 25, 2021). Nor do these hypotheticals justify imposing the heavy burden of discovery on the Court and parties, when all that discovery (not to mention Plaintiff's claim) could be rendered moot depending on the outcome of the *Jones* Appeal.

Moreover, Plaintiff does not purport to have suffered any actual damages (*i.e.*, out of pocket losses) as a result of the alleged texts and, instead, seeks statutory damages under the TCPA as well as injunctive relief; therefore, she will not suffer any financial hardship should a temporary stay be granted. Nor does Plaintiff claim that she continues to receive text messages from or on behalf of Newity (indeed the case involves two texts purportedly received in April 2025), "so there is no risk of ongoing harm to Plaintiff." *Ankcorn v. Kohl's Corp.,* 2017 WL 395707, at *3 (N.D. Ill. Jan.30, 2017) (granting stay of putative TCPA class action). In short, a "mere delay [in discovery] does not amount to prejudice." *Unwired Planet, LLC v. Square, Inc.*, 2014 WL 4966033, at *4 (D. Nev. Oct. 3, 2014); *see also In re CenturyLink Sales Pracs. & Sec. Litig.*, 2018 WL 2122869, at *2 (D. Minn. May 8, 2018) ("[A] brief delay in class-wide discovery to determine what discovery is appropriate is not prejudicial."). Thus, this factor also weighs in favor of a stay.

### 3.    A Stay Will Reduce The Burden Of Litigation On The Court And The Parties.

Finally, a stay will reduce the burden on both the Parties and the Court. Absent a stay, the Parties will presumably move into merits and/or class discovery. However, "[i]t is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens." *Babare v. Sigue Corp.*, 2020 WL 8617424 at *2 (W.D. Wash. Sep. 30, 2020) (TCPA case); *see also Physicians Healthsource, Inc. v. Janssen Pharms., Inc.,* 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (holding in a TCPA case: "[C]lass actions involve the potential for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims[.] … It is also generally understood that the costs can be particularly 'enormous' for defendants."). This discovery would be entirely unnecessary if Plaintiff's TCPA claim fails as a matter of law.

A brief stay here will also promote judicial and party economy and prevent needless waste of the parties' time and money and this Court's resources deciding various discovery disputes that

inevitably arise in every class action. *See, e.g.*, *Garvey, Amodeo,* and *Gensel, supra*; *see also Dawoudi v. Nationstar Morg., LLC*, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016) (granting stay when it "would preserve the resources of the parties and reduce the burden of litigation on the court."); *Tel. Sci. Corp.*, 2016 WL 47916, at *4 ("A stay [pending a Supreme Court decision] will serve a useful purpose, therefore, to advance this litigation by promoting efficiency and economy . . . ."). This too weighs in favor of a stay. *See Kotlyar*, 2017 WL 5911287, at *4 (granting stay where appeal could potentially be dispositive); *Fashion Nova* and *Shein*, *supra* (both finding a stay would reduce burden of litigation in cases involving same legal issue).

Therefore, as all three factors have been met, a stay of these proceedings is appropriate.

## B.  Alternatively, the Court Should Certify the Order for Interlocutory Appeal.

Alternatively, the Court should certify its Order for interlocutory appeal on this critical dispositive legal issue, and stay these proceedings pending the outcome of that appeal accordingly.

Under 28 U.S.C. § 1292(b), a federal district court can certify an interlocutory order for an immediate appeal if the movant shows that (1) there is a controlling question of law involved, (2) the question is "contestable," that is, "there is substantial grounds for differences of opinion;" and (3) an "immediate appeal would speed up the ultimate termination of the litigation." *In re Lion Air Flight JT 610 Crash,* 2023 WL 3653217, at *2 (N.D. Ill. May 25, 2023) (citing *Ahrenholz v. Bd. of Trustees of Univ. of Ill.,* 219 F.3d 674, 675 (7th Cir. 2000)). *See also Payton,* 2025 WL 3012662, at *1 (Alonso, J.) (granting motion to certify, breaking the requirements into four parts). While it is within the Court's discretion to grant certification, the Seventh Circuit has repeatedly emphasized the "duty" of district courts "to allow an immediate appeal to be taken when the statutory criteria are met." *Ahrenholz*, 219 F.3d at 677.[3] As demonstrated below, all of these

---

[3] If the Court grants certification, the Court would need to amend its interlocutory Order to expressly indicate these requirements have been satisfied. *See* Fed. R. App. P. 5(a)(3).

requirements are easily satisfied in this case, and therefore the Order should be certified.

**First**, "[a]s used in § 1292(b), a 'question of law' refers 'to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine.'" *Payton*, 2025 WL 3012662, at *1 (quoting *Ahrenholz*, 219 F.3d at 676). This generally means that "it must be a 'pure' question of law which the court of appeals can decide 'quickly and cleanly without having to study the record.'" *Id*. (quoting *Ahrenholz*, 219 F.3d at 677). As to whether there is a "controlling" question of law, however, "[t]he Seventh Circuit does not read this requirement [so] literally." *In re Lion Air*, 2023 WL 3653217, at *3. Rather, the "controlling" question requirement simply "asks whether the resolution of the question is 'quite likely to affect the further course of the litigation,' [] and is 'serious to the conduct of the litigation, either practically or legally.'" *Id*. (quoting *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Assocs.,* Inc., 86 F.3d 656, 659 (7th Cir. 1996) and *Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir. 1991) (internal citations omitted)). "Therefore, 'a question is controlling ... if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" *Id*. (quoting *Johnson*, 930 F.2d at 1205–06). *See also Brewton v. City of Harvey,* 319 F. Supp. 2d 890, 892–93 (N.D. Ill. 2004) (deeming a legal issue "controlling" because the claims at issue would be subject to dismissal).

Here, the Court's Order certainly involves a controlling question of law. The primary basis for Motion, and thus the Court's Order, was whether text messages are subject to the TCPA's DNC provisions. *See* Dkt. 23 at 4-8; Dkt. 32 at 2-5 This is a purely legal question, as to which a review of the factual record is not required. Moreover, it is a controlling question because Plaintiff only brings a DNC claim based entirely on her alleged receipt of texts. The Seventh Circuit's review of the Order on this issue—especially if it agrees with Newity's position and reverses—would likely "affect the further course of this litigation," in that it would be fully case dispositive. *See e.g.,*

9

*Fashion Nova, LLC*, 2025 WL 3167069, at *2 (recognizing that this is a fully case dispositive issue in similar case); *Osidi v. Assurance IQ, LLC,* 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) (recognizing in a TCPA class action that, if the named plaintiff does not have a claim, the action must be dismissed and cannot be certified); *see also Payton*, 2025 WL 3012662, at *1 ("Certainly, an issue is controlling if its resolution 'could put an end to [the] litigation.'") (quoting *In re Potash Antitrust Litig.,* 2010 WL 11583542, at *2 (N.D. Ill. Jan. 13, 2010)). That would save time for the Court and time and expense for the parties. And at the very least, this legal issue is "serious to the conduct of the litigation." Consequently, the first certification requirement is easily met.

**Second**, "[a] question is 'contestable' when substantial grounds for a difference of opinion exist." *In re Lion Air,* 2023 WL 3653217, at *4 (citing 28 U.S.C. § 1292(b); *Ahrenholz*, 219 F.3d at 675). Other courts do not actually have to disagree with this Court on this question for this requirement to be met—though, as the Court seemingly acknowledged in its Order, other courts have disagreed on this point. *See* Dkt. 32 at 5 (citing *Jones*); *see also Davis v. CVS Pharmacy*, *Inc.*, 2025 WL 2491195, at *2–3 (N.D. Fla. Aug. 26, 2025) (similarly ruling that the term "telephone call" as used in the DNC provisions is not defined to include text messages); *Aliana El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) (same, citing *Davis* with approval).[4] Rather, this certification requirement can be met simply where, as here, there is a lack of binding precedent or the issue is not settled by controlling authority, and there is a "substantial likelihood" the district court's decision will be reversed. *See, e.g., Payton*, 2025 WL 3012662, at *2 (citing *In re Lion Air,* 2023 WL 3653217, at *4). *See also Boim v. Quranic Literacy Inst.*, 291 F3d 1000, 1007 (7th Cir. 2002) (recognizing this requirement can be met where the issue would be a matter of first impression); *S.E.C. v. Buntrock*, 2003 WL 260711, at *3 (N.D. Ill. Feb.

---

[4] The Court did not discuss *Davis* and *El Sayed* in its Order here.

3, 2003) (finding "a dearth of caselaw" on the controlling legal issue "alone should be sufficient to demonstrate that there could be a difference of opinion on the issues ... addressed" in the order).

In this case, there is no binding Seventh Circuit authority on the controlling legal issue of whether texts are covered by the TCPA's DNC provisions,[5] and it indeed would be a matter of first impression for the Seventh Circuit, which is enough to meet this requirement. Further, if the Seventh Circuit agrees with Newity, there is a "substantial likelihood" of reversal. And, in any event, there is plainly substantial grounds for differences of opinion among district courts on the interpretation of the relevant statutory language here, as reflected in the Court's Order and noted above. Therefore, the second 1292(b) requirement has been satisfied, as well. *See, e.g., In re Lion Air*, 2023 WL 3653217, at *4 (granting motion to certify, noting that there was "no controlling Seventh Circuit or Supreme Court authority which decides th[e] question" at bar); *Payton*, 2025 WL 3012662, at *2 ("First, there is no controlling authority that decides this question. Neither the Seventh Circuit nor the Illinois Supreme Court has weighed in. [] Second, though the Court believes its opinion was rightly decided, the Court recognizes that both parties offer reasonable interpretations of the statutory language at issue. The issue is thus contestable.")

**Third**, "[t]he final § 1292(b) element is satisfied if 'an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Lion Air,* 2023 WL 3653217, at *6 (quoting *Sterk v. Redbox Automated Retail, LLC,* 672 F.3d 535, 536 (7th Cir. 2013)). That is certainly true here. Again, if the Seventh Circuit agrees with Newity's interpretation and determines that the TCPA's DNC provisions do not cover texts, which is the whole basis for Plaintiff's claim against Newity, her entire case ends. Thus, the third 1292(b) requirement is

---

[5] Indeed, the *Jones* case is the <u>only</u> other opinion from a court in this Circuit on this issue so far, and case law nationally is sparse and inconsistent on this point—though, respectfully, *Jones*, *Davis* and *El Sayed* are the most thoroughly analyzed decisions. *See* Dkt. 23 at 8, n.3; Dkt. 31 at 4-8.

satisfied. *See Payton,* 2025 WL 3012662, at *2 ("[I]f the Seventh Circuit agrees with [the movant's] interpretation of the statute, then Defendants would be entitled to summary judgment, and the case would be over. Such a result would materially advance the litigation.").

**Finally**, having met all of the 1292(b) certification requirements, Newity also respectfully requests that this case be stayed pending the outcome of the appellate proceedings. Because the Seventh Circuit has discretion whether to grant an application for interlocutory review (which can take some time), and since a certification order does not automatically "stay proceedings in the district court unless the district judge or the Court of Appeals" enters a stay (28 U.S.C. § 1292(b)), district courts in this Circuit routinely exercise their broad discretion to control their dockets and stay cases pending the outcome of an interlocutory appeal for the sake of judicial and party economy. *See, e.g., Payton,* 2025 WL 3012662, at *2 (staying case and requiring a status report within 10 days of the resolution of the interlocutory appeal); *Hagenbuch v. Sonrai Sys.,* 2015 WL 14097374, at *1 (N.D. Ill. Sept. 29, 2015) ("[T]his Court determines that it is appropriate to exercise its discretion under § 1292(b) to stay the case pending appeal. Staying this case will promote efficiency and conserve both judicial resources and the parties' resources. Further, no party will be prejudiced by a stay…").[6] The Court should thus enter a stay in the present case.

## III.    **CONCLUSION**

For all of the foregoing reasons, Newity respectfully requests that the Court (i) stay this

---

[6] Plaintiff cannot credibly argue any prejudice here. For example, she does not allege she is still receiving texts from or on behalf of Newity, and her claim is based on two texts allegedly received in April 2025 (about three months before she filed this case). *See* Dkt. 20, ¶ 14. A stay would also be beneficial to *Plaintiff,* since she would not have to waste time in discovery on a claim that may likely be deemed invalid. And of course, Newity will continue to abide by its legal obligations to preserve relevant evidence in the interim. *See also Canady v. Bridgecrest Acceptance Corp.,* 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020) (noting the legal obligation to preserve evidence reduces the risk of evidence being destroyed, lost, corrupted, or forgotten); *Raimo v. Washington Univ. in St. Louis,* 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021) ("The risk of lost evidence or diminished witness recall is … relatively low in a case based on events that took place so recently.").

case in its entirety pending resolution of the *Jones* appeal; or (ii) alternatively, in accordance with Fed. R. App. P. 5(a)(3), enter an amended order on the Motion, stating as follows (or similarly):

> *As to the Court's interlocutory order of November 10, 2025 order (Dkt. 32, the "Order"), the Court hereby amends and certifies its Order for interlocutory appeal in accordance with 28 U.S.C. § 1292(b), and finds, and is of the opinion, that the Order involves controlling questions of law as to which there is substantial grounds for difference of opinion—specifically, whether text messages are covered by, and qualify as "calls" under, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)—and an immediate appeal from the Order may materially advance the ultimate termination of the above-captioned litigation. This case is also stayed during the pendency and until the conclusion of the appellate proceedings, pending further order of this Court.*

Dated: November 17, 2025    Respectfully submitted,

            By: /s/ *A. Paul Heeringa*
               A. Paul Heeringa (IL Bar # 6288233)
               **Manatt, Phelps & Phillips, LLP**
               151 N. Franklin Street, Suite 2600
               Chicago, IL 60606
               Telephone: (312) 529-6300
               Email: pheeringa@manatt.com

               *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on, November 17, 2025, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.


*/s/ A. Paul Heeringa*