UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SANA MUJAHID,<br>*on behalf of herself and others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NEWITY, LLC,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 25-cv-8012<br><br>Class Action Complaint<br><br><br><br><br>Honorable Jorge L. Alonso |

**JOINT STATUS REPORT**

Pursuant to this Court's November 10, 2025 Order (Dkt. 32), Sana Mujahid ("Plaintiff") submits this report along with the defendant Newity, LLC ("Defendant" or "Newity") (collectively referred to as the "Parties"). The Parties have not agreed on a discovery schedule, as discussed in Section II.B. below.

　　I.　　**Nature of the Case**

　　　　A.　　**State the basis for federal jurisdiction**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. Defendant does not concede that this Court has proper federal subject matter jurisdiction, to the extent that Plaintiff lacks standing under Article III of the United States Constitution to bring a TCPA claim or to seek injunctive relief.

　　　　B.　　**Briefly describe the nature of the claims asserted in the complaint**

**Plaintiff's Statement:** Sana Mujahid brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act alleging that Newity, LLC send telemarketing calls to numbers on the National Do Not Call Registry. Because telemarketing calls

can be made to thousands or even millions of individuals, Plaintiff brings this action on behalf of proposed nationwide Class of other persons who were sent similar calls and the putative class is tentatively defined below:

> **National Do Not Call Registry Class**: All persons throughout the United States (1) who did not provide their telephone number to Newity, LLC (2) to whom Newity, LLC delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Newity, LLC's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Newity, LLC delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

Defendant's request for a stay is neither equitable nor consistent with principles of judicial economy. The *Jones* appeal was already pending at the Seventh Circuit when Newity chose to file—and fully brief—its motion to dismiss in this Court. Newity did not seek a stay at that time. Instead, it asked this Court to adjudicate its motion, lost that motion, and only now—after receiving an unfavorable ruling—asks the Court to suspend the case based on the same appeal that was pending all along.

This timing underscores the nature of Newity's request: a "heads we win, tails you lose" litigation strategy. When Newity believed it might prevail on its motion to dismiss, it pushed forward. After the Court rejected its argument, Newity pivoted and now urges the Court to halt all progress until a separate tribunal might reach a different result. Courts disfavor stay requests made only after an adverse ruling, because they encourage gamesmanship and undermine orderly case management.

The Court has already invested time considering and resolving the issue Newity now says should have been deferred. Entering a stay at this stage would nullify that investment rather than conserve judicial resources.

**Defendant's Statement**: Defendant disputes Plaintiff's position statement above, as well

as Plaintiff's allegations in their entirety, and Defendant denies all liability or that this case is capable of or appropriate for class treatment. Among other things, Newity contends that Plaintiff's claim fails as a matter of law to the extent that her claim is based entirely on text messages, which are not covered by the TCPA's DNC provisions. *See, e.g., Jones v. Blackstone Med. Servs., LLC,* 2025 WL 2042764, at *4-5 (C.D. Ill. July 21, 2025). As this dispositive issue is currently on appeal to the Seventh Circuit (*i.e., Steidinger, et al. v. Blackstone Medical Services,* No. 25-2398 (hereafter, the "*Jones* Appeal")), Newity has moved contemporaneously herewith (*see* Dkts 33 and 35) (i) to stay these proceedings pending the outcome of *Jones* Appeal for the sake of judicial and party economy or (ii) in the alternative, certify the Court's interlocutory order (*see* Dkt. 32, the "Order") denying Newity's Motion to Dismiss (*see* Dkts. 23 and 31, the "Motion") on this issue for immediate appeal to the Seventh Circuit under 28 U.S.C. § 1292(b).

Plaintiff's statement regarding Defendant's litigation "strategy" above is inaccurate. First, Defendant had no reason to seek a stay in this case previously, as Defendant had no reason to believe that this Court would rule any differently than its sister court in the Central District did in the well-reasoned *Jones* decision. Second, the Seventh Circuit is not just some "separate tribunal" that is going to rule on this issue, but is going to make a definitive binding ruling on a threshold dispositive issue that will undoubtedly impact the parties in this case and countless others. Third, Defendant is not just seeking a stay pending the resolution of the *Jones* Appeal but also is seeking to certify the Court's Order on the Motion for interlocutory appeal on this important issue (which is an issue of first impression for the Seventh Circuit), which is an independent reason to stay these proceedings.

    **C.**    **Describe the relief sought.**

**Plaintiff's Statement**: On behalf of the putative class pled, the Plaintiff is seeking a statutory damages award of up to $1,500 in damages for each call made. Plaintiff and members of

the Class are also entitled to and do seek injunctive relief prohibiting Newity from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**Defendant's Statement**: Defendant denies that it violated the TCPA or any other law, that Plaintiff or any putative class member is entitled to any relief (including in particular injunctive relief), or that this case is capable of or appropriate for class treatment.

    **D.**    **State whether there has been a jury demand**

Yes.

    **E.**    **List the names of any parties who have not yet been served.**

All parties have been served.

**II.**    <u>**Discovery and Pending Motions**</u>

    **A.**    **Identify any pending motions.**

As noted above, Defendant has moved (i) to stay these proceedings pending the outcome of *Jones* Appeal or (ii) in the alternative, certify the Court's interlocutory Order denying Newity's Motion on this issue for immediate appeal to the Seventh Circuit under 28 U.S.C. § 1292(b). *See* Dkts. 33 and 35. As noted above, the Plaintiff will oppose.

    **B.**    **Submit a proposal for discovery and a case management plan that includes the following information: (1) the type of discovery needed, including any potential electronic discovery or bifurcated discovery; (2) the need for any proposed protective orders; (3) a date for Rule 26(a)(1) disclosures; (4) a date for the completion of fact discovery; and (5) whether there will be expert discovery.**

The Parties have not agreed on a discovery schedule and submit the following proposals for the Court's consideration:

*Plaintiff's Position*: The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support her anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls; (3) ESI related to any purported consent to receive calls and requests by recipients to no longer receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

The parties anticipate submitting a Joint Protective Order.

Plaintiff suggests the following schedule:

| Event | Deadline |
| --- | --- |
| Mandatory Initial Disclosures | December 11, 2025 |
| Amendment to the pleadings | March 5, 2026 |
| Disclosure of Expert Report(s) | September 3, 2026 |
| Class Certification Motion | October 29, 2026 |
| Dispositive Motions | October 29, 2026 |

Furthermore, as outlined above, the Plaintiff disagrees that discovery should be stayed pending a motion to stay for an appeal the Defendant knew existed at the time it filed its motion to dismiss.

The Defendant also misstates the *Richards* cases below – discovery is not stayed pending

5

an appeal in those matters, discovery is only stayed pending the motions to dismiss (like the one that this Court already denied). Indeed, the *Richards* case supports proceeding with discovery here.

The Plaintiff also opposes bifurcating discovery and requests that this Court deny that request Judge Bucklo recently did in a TCPA case last year. *See Zielonksi v. eHealth Insurance Services, Inc.*, Civil Action No. 23-cv-16406, ECF No. 29 (N.D. Ill. July 12, 2024) ("Defendant's motion to dismiss, motion to strike class allegations, and motion to bifurcate discovery are denied…I am not going to delay this case further through bifurcation of discovery.") Indeed, faced with a nearly identical motion, Judge Harjani denied the request in another TCPA case in 2023:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). The Court should hold the same here.

Bifurcation would materially prejudice Plaintiff by delaying access to core discovery—including the call records necessary to identify members of the proposed class—and by postponing class certification without any countervailing efficiency. Courts regularly reject bifurcation requests that would delay or obstruct Rule 23 proceedings where, as here, the defendant's proposed "individual liability first" approach would not resolve the central issues in dispute.

In short, Defendant's request for bifurcation would not streamline the case; it would multiply proceedings, generate duplicative discovery, and delay the Rule 23 analysis that must necessarily address facts intertwined with the merits. Courts in this District frequently reject

bifurcation requests in TCPA cases for these exact reasons. The Court should do the same here and permit unified discovery to proceed without delay.

**_Defendant's Position_**: Defendant respectfully disagrees with Plaintiff as to the scope and timing of discovery in this case. Specifically as to the scope discovery, Defendant submits that, if discovery in this matter proceeds (and for the reasons below, Defendant submits no schedule should be entered at this time), evidence in this matter may include (but may not be limited to) relevant documents and witness testimony relating to, supporting, and with respect to jurisdictional issues, Defendant's alleged liability, the merits of Plaintiff's underlying TCPA claim and Defendant's affirmative defenses thereto, Plaintiff's constitutional or prudential standing to bring the asserted claims, causation, class certification, class membership, and damages. Third party discovery may also be required. Evidence may also include the devices assigned to the subject phone number(s) in the operative complaint and relevant evidence in the possession of third parties, if any.

Specifically as to the timing of discovery, Defendant believes that discovery should be stayed during the pendency of its above-referenced motion to stay this case pending resolution of the *Jones* Appeal or certify the Court's Order for Interlocutory appeal, for the sake of judicial and party economy. *See* Dkts. 33 and 35. Defendant contends in the alternative that, if discovery proceeds at all, a bifurcated discovery schedule would be more appropriate and efficient.

As Defendant believes the Court and parties may benefit from full briefing on these complex issues, Defendant respectfully requests that the Court refrain from entering a discovery schedule at this time until after the Court rules on Defendant's pending motion to stay/certify, and that Defendant be permitted leaver to file a motion to bifurcate. To the extent the Court would not prefer formal briefing, Defendant submits the following for the Court's consideration:

***Discovery Should Be Temporarily Stayed***: As noted above, Defendant has filed a motion to stay this case in its entirety pending the Seventh Circuit's decision in the *Jones* Appeal or, alternatively, certify the Court's Order denying Defendant's Motion for interlocutory appeal. *See* Dkt. 33 and 35. As set forth in the motion, the *Jones* Appeal involves the same critical threshold dipositive issue of law which may potentially dispose of this entire action. Further, a brief stay would not result in any undue prejudice to Plaintiff. As such, Defendant's position is that temporary stay of discovery pending resolution of the motion to stay or certify is appropriate for the sake of judicial and party economy. *See also Garvey v. Fortegra Fin. Corp.,* 2017 WL 3669036, at *2 (N.D. Ill. Aug. 14, 2017) (stay pending appeal granted in TCPA class action where, as here, the "decision will strongly influence the needs of this case, issues at stake, importance of the discovery in dispute here, and burden or expense to the litigant."); *Richards v. Shein Distribution Corp.*, 2025 WL 3079658, at *1 (S.D. Ind. Nov. 4, 2025) ("[G]iven the Seventh Circuit appeal and the pending motion to dismiss—either of which could bring this litigation to an end—the Court's broad discretion is best exercised in granting a stay. Doing so will simplify the issues, impose a minimal burden on Plaintiff, and reduce the burden of litigation on the Court and the parties."). *See also Richards v. Fashion Nova, LLC*, 2025 WL 3167069, at *2 (S.D. Ind. Oct. 27, 2025) (granting discovery stay pending resolution of the same issue, holding: "[I]f the [c]ourt finds the TCPA does not apply to text messages, [p]laintiff will have no claim under the TCPA ... this factor favors a stay.").

Though Plaintiff takes issue with the two "Richards" cases above, Newity is mindful that the *Fashion Nova* and *Shein* courts did not enter a stay pending the outcome *Jones* Appeal (though the *Shein* decision is less clear in that regard), but rather that they stayed discovery pending resolution of the defendants' pending motions to dismiss on that same issue. Nevertheless, the reasoning as to why a stay was appropriate in *Fashion Nova* and *Shein*—that this is an important threshold

dispositive legal question that could simplify and/or eliminate this case—rings true here.

***Alternatively Discovery Should be Bifurcated***: Alternatively, if discovery proceeds, Defendant believes bifurcated discovery—during which the parties would initially focus discovery for a period of 90 to 120 days on the merits of Plaintiff's individual TCPA claims before moving on to broader discovery (if at all)—would be more efficient for all. Courts in this District and elsewhere have often bifurcated discovery in TCPA cases for this reason. *See, e.g., Moore v. Demand Science Grp, LLC*, 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024) (bifurcating discovery in a similar putative TCPA class action involving some of the same counsel representing Plaintiff alleging violations of the he TCPA's "Do Not Call" provisions, and rejecting all of the same arguments made against bifurcation made by Plaintiff above, holding: "The Court is concerned about wholly unnecessary discovery, so it grants the motion for bifurcation … because it is more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and merits discovery is minimal"). *See also Paul Sapan v. Fin. of Am. Reverse LLC*, 2025 WL 1932935, at *1 (C.D. Cal. July 14, 2025) (ruling similarly); *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024) (same). As one court noted when granting a motion to bifurcate, "[i]n cases [such as this one] asserting both individual liability and potential class action claims under the TCPA, courts have [often] bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)). These courts and many others have correctly recognized TCPA class actions "present a unique opportunity that warrants bifurcated discovery due to th[e] cost savings" that can be realized and the prejudice that can be avoided by wasting

time early on costly class discovery—unlike other types of class actions where perhaps bifurcation may not be as beneficial. *Cameron v. CHW Group, Inc.,* 2025 WL 2336513, at *3 (D. Utah Aug. 13, 2025) (bifurcating discovery in similar TCPA DNC case). This Court should rule similarly.

In accordance with the foregoing authorities, Defendant proposes that, if discovery proceeds in this matter, the Court should enter the following bifurcated discovery schedule:

- Discovery as to the merits of Plaintiff's individual claims to proceed for a period of ninety (90) to one hundred twenty (120) days after entry of the Court's scheduling order (no class discovery allowed during this period);
- Opening summary judgment motions as to the merits of Plaintiff's individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);
- Oppositions to summary judgment due thirty (30) days after service of opening motions; and
- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

Defendant further proposes that the Court set a further case management conference, at the Court's convenience, after the initial discovery period with respect to Plaintiff's individual TCPA claim to order to set (if necessary and should this case proceed) a schedule for class claim discovery and all other case management deadlines.

### III. Settlement and Referrals

**A. State whether any settlement discussions have occurred and describe the status of any settlement discussions.**

The Parties are engaged in ongoing confidential discussions regarding a potential extra-judicial resolution of this dispute.

**B. State whether the parties request a settlement conference at this time before this Court or the Magistrate Judge.**

The Parties are not requesting a settlement conference at this time.

**C. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all**

**purposes, including trial and entry of final judgment, and whether the parties unanimously consent to the Magistrate Judge's jurisdiction. (Do not report whether individual parties have so consented.)**

The Parties have done so.

PLAINTIFF,
By her attorney,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

By: *A. Paul Heeringa (with permission)*
A. Paul Heeringa (ARDC # 6288233)
Manatt, Phelps & Phillips LLP
151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
(312) 529-6300
pheeringa@manatt.com

*Attorneys for Defendant*