IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANA MUJAHID, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEWITY LLC,<br><br>Defendant. | Case No. 1:25-cv-08012<br><br>Judge: Hon. Jorge L. Alonso |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Newity LLC ("Defendant" or "Newity"), in accordance with Fed. R. Civ. P. 12, hereby respectfully submits its Answer and Affirmative Defenses to the first amended putative class action complaint (*see* Dkt. 20, "FAC") filed by Plaintiff Sana Mujahid ("Plaintiff") in the above-captioned matter, and answers, avers, and responds to the allegations therein[1] as follows:

**NATURE OF THE ACTION**

1. As to the allegations in Paragraph 1 of the FAC, Defendant admits only that Plaintiff purports to bring a claim against Newity on behalf of herself and putative class members under the Telephone Consumer Protection Act ("TCPA"), but denies that Defendant violated the TCPA or any other applicable law, denies that Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, denies that text messages are subject to the TCPA's "Do Not Call"

---

[1] This Answer is being submitted to meet Defendant's immediate responsive pleading deadline under Fed. R. Civ. P. 12(a)(4) and it is without prejudice to Defendant's "Motion to Stay Pending Appeal or, Alternatively, Certify the Court's Order Dated November 10, 2025 for Interlocutory Appeal" (*see* Dkts. 33 and 35), or as to any arguments made therein or rights relating thereto.

("DNC") provisions, and denies that this case is worthy or capable of class treatment. Defendant denies any and all remaining allegations of Paragraph 1 of the FAC.

2. Defendant denies all allegations in Paragraph 2 of the FAC.

## JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff's FAC purports to invoke this Court's federal subject matter jurisdiction to the extent the TCPA is a federal statute and thus presents a federal question, but Defendant denies that this Court has federal subject matter jurisdiction in this action because text messages are not subject to the TCPA's DNC provisions and because, upon information and belief, Plaintiff lacks standing under Article III of the United States Constitution to bring such claims. Defendant denies any and all remaining allegations in Paragraph 3 of the FAC.

4. The allegations in Paragraph 4 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff's FAC purports to invoke this Court as a proper venue, but denies any implication of Defendant's liability. Any and all remaining allegations in Paragraph 4 of the FAC are denied.

## PARTIES

5. Defendant admits only that Plaintiff is a "natural person" as alleged in Paragraph 5 of the FAC but denies any implication of liability based on those allegations. Any and all remaining allegations in Paragraph 5 of the FAC are denied.

6. Defendant admits the allegations in Paragraph 6 of the FAC only to the extent it

maintains a principal place of business in Chicago, Illinois, but denies any implication of liability based thereon. Any and all remaining allegations in Paragraph 6of the FAC are denied.

## FACTUAL ALLEGATIONS

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the FAC and, on this basis, denies them.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the FAC and, on this basis, denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the FAC and, on this basis, denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the FAC and, on this basis, denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the FAC and, on this basis, denies them.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the FAC and, on this basis, denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the FAC and, on this basis, denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the FAC and, on this basis, denies them.

15. Defendant responds that the text messages referenced in Paragraph 15 of the FAC speak for themselves and, therefore, no response it required. To the extent that a response is deemed required, Defendant denies that the contents of the text messages reflect unlawful actions by or on behalf of Newity, that they are subject to the TCPA, or that Newity violated the TCPA or any other

law. Defendant denies any remaining allegations in Paragraph 15 of the FAC.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the FAC and, on this basis, denies them.

17. Defendant responds that the text messages referenced in Paragraph 17 of the FAC speak for themselves and, therefore, no response it required. To the extent that a response is deemed required, Defendant denies that the contents of the text messages reflect unlawful actions by or on behalf of Newity, that they are subject to the TCPA, or that Newity violated the TCPA or any other law. Defendant denies any remaining allegations in Paragraph 17 of the FAC.

18. Defendant responds that the text messages referenced in Paragraph 18 of the FAC speak for themselves and, therefore, no response is required. To the extent that a response is deemed required, Defendant denies that the contents of the text messages reflect unlawful actions by or on behalf of Newity, that the texts are subject to the TCPA or fit the TCPA's definition of a "telephone solicitation," or that Newity violated the TCPA or any other law. Defendant denies any remaining allegations in Paragraph 18 of the FAC.

19. Defendant responds that the text messages referenced in Paragraph 19 of the FAC speak for themselves and, therefore, no response it required. To the extent that a response is deemed required, Defendant denies that the contents of the text messages reflect unlawful actions by or on behalf of Newity, that the texts are subject to the TCPA or fit the TCPA's definition of a "telephone solicitation," or that Newity violated the TCPA or any other law. Defendant denies any remaining allegations in Paragraph 19 of the FAC.

20. Defendant responds that the text messages referenced in Paragraph 20 of the FAC speak for themselves and, therefore, no response it required. To the extent that a response is deemed required, Defendant admits only that the subject texts shown in the FAC refer to "NEWITY" on their

face, but denies that the contents of the text messages reflect unlawful actions by or on behalf of Newity, that the texts are subject to the TCPA or fit the TCPA's definition of a "telephone solicitation," or that Newity violated the TCPA or any other law. Defendant denies any remaining allegations in Paragraph 20 of the FAC.

21. Defendant denies all allegations in Paragraph 21 of the FAC.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the FAC and, on this basis, denies them.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the FAC and, on this basis, denies them.

24. Defendant denies all allegations in Paragraph 24 of the FAC.

25. Defendant denies all allegations in Paragraph 25 of the FAC.

26. Defendant denies all allegations in Paragraph 26 of the FAC.

27. Defendant denies all allegations in Paragraph 27 of the FAC.

28. Defendant denies all allegations in Paragraph 28 of the FAC.

## CLASS ACTION ALLEGATIONS

29. As to the allegations in Paragraph 29 of the FAC, Defendant admits only that Plaintiff purports to bring a claim on behalf of herself and putative class members, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 29 are denied.

30. As to the allegations in Paragraph 30 of the FAC, Defendant admits only that Plaintiff purports to exclude Defendant and any entities in which the Defendant has a controlling interest,

from a putative class, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 30 are denied.

31. Defendant denies all allegations of Paragraph 31 of the FAC.

32. As to the allegations in Paragraph 32 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of herself and putative class members under the TCPA, but denies Plaintiff's legal conclusion, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 32 are denied.

33. As to the allegations in Paragraph 33 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of herself and putative class members under the TCPA, but denies Plaintiff's legal conclusion, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 33 are denied.

34. As to the allegations in Paragraph 34 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of herself and putative class members under the TCPA, but denies Plaintiff's legal conclusion, and further denies that a defined

class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 34 are denied.

35. Defendant denies all allegations in Paragraph 35 of the FAC.

36. Defendant denies all allegations in Paragraph 36 of the FAC.

37. Defendant denies all allegations in Paragraph 37 of the FAC.

38. Defendant denies all allegations in Paragraph 38 of the FAC.

39. Defendant denies all allegations in Paragraph 39 of the FAC.

40. Defendant denies all allegations in Paragraph 40 of the FAC.

41. Defendant denies all allegations in Paragraph 41 of the FAC.

42. As to the allegations in Paragraph 42 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of herself and putative class members under the TCPA, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 42 are denied.

43. Defendant admits the allegations in Paragraph 43 of the FAC.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the FAC and, on this basis, denies them.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the FAC and, on this basis, denies them.

46. Defendant denies all allegations in Paragraph 46 of the FAC.

47. Defendant denies all allegations in Paragraph 47 of the FAC, including all subparts.

48. Defendant denies all allegations in Paragraph 48 of the FAC.

49. Defendant denies all allegations in Paragraph 49 of the FAC.

50. Defendant denies all allegations in Paragraph 50 of the FAC.

51. Defendant denies all allegations in Paragraph 51 of the FAC.

52. Defendant denies all allegations in Paragraph 52 of the FAC.

53. Defendant denies all allegations in Paragraph 53 of the FAC.

54. Defendant denies all allegations in Paragraph 54 of the FAC.

55. Defendant denies all allegations in Paragraph 55 of the FAC.

56. Defendant denies all allegations in Paragraph 56 of the FAC.

**Count I:
Violation of 47 U.S.C. § 227(c)(5)**

57. Defendant repeats, realleges, and incorporates by reference its responses to all prior allegations of the FAC, as provided above, as if fully stated herein for Paragraph 57.

58. The allegations in Paragraph 58 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that cellular telephone numbers that have been placed on the DNC Registry are presumptively residential or that text messages are subject to the DNC provisions of the TCPA. Any remaining allegations in this Paragraph are denied.

59. Defendant denies all allegations in Paragraph 59 of the FAC.

60. The allegations in Paragraph 60 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority

which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that text messages are subject to the DNC provisions of the TCPA or the cited legal authority applies to the text messages Plaintiff purportedly received in this case, and further denies that Defendant violated the TCPA or any other law. Defendant denies all remaining allegations in Paragraph 60 of the FAC.

61. The allegations in Paragraph 61 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that text messages are subject to the DNC provisions of the TCPA or that the cited legal authority applies to the text messages Plaintiff purportedly received in this case, and further denies that Defendant violated the TCPA or any other law. Defendant denies all remaining allegations in Paragraph 61 of the FAC.

62. The allegations in Paragraph 62 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that text messages are subject to the DNC provisions of the TCPA or that the cited legal authority applies to the text messages Plaintiff purportedly received in this case, and further denies that Defendant violated the TCPA or any other law. Defendant denies all remaining allegations in Paragraph 62 of the FAC.

63. Defendant denies all allegations in Paragraph 63 of the FAC.

64. Defendant denies all allegations in Paragraph 64 of the FAC.

65. Defendant denies all allegations in Paragraph 65 of the FAC.

**Prayer for Relief**

WHEREFORE, Defendant denies each and every allegation set forth in the "Prayer for Relief" of Plaintiff's FAC (including all subparts), and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the FAC, either expressly or by implication, including but not limited to the specific relief requested on pages 9-10 of the FAC, or to any relief whatsoever, and demands the strictest of proof of all alleged damages, injuries, and harms. Defendant further denies that it violated the TCPA or any other law in relation to this action, and thus denies Plaintiff is entitled to relief under such laws. Defendant further denies that Plaintiff is entitled to treble damages or "[s]uch other and further relief" Plaintiff requests in the FAC.

**GENERAL DENIALS**

All allegations in the FAC, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs or in any preamble or footnotes, that are not specifically admitted above are hereby expressly and fully denied, and Defendant denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the FAC or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the responses above, Defendant denies any liability as to having violated the TCPA, or any other applicable state or federal law, or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the FAC or others. Defendant further denies Plaintiff or any putative class member is entitled to any relief or damages whatsoever, and demands strict proof thereof. Defendant further denies that this Court has proper federal subject matter jurisdiction or that Plaintiff is entitled to class treatment. Any scrivener's error should not be construed against Defendant and should be construed as a denial rather than an admission of liability.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant joins Plaintiff's jury trial demand, and Newity demands a trial by jury of all issues triable of right by jury.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

By alleging the affirmative and other defenses herein and below, Defendant intends no alteration of any burden of proof that otherwise exists with regard to the claims in the FAC. All defenses are pled in the alternative and do not constitute an admission either of liability, of subject matter jurisdiction, or as to whether Plaintiff is entitled to relief. Defendant reserves the right to bring affirmative claims or to seek sanctions against Plaintiff as permitted by applicable rules and law.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As reflected in Defendant's motion to dismiss (*see* Dkt. 23) filed in this case and the briefing related thereto, which is incorporated herein by reference, and for other reasons, and notwithstanding the Court's ruling to the contrary (with which Newity respectfully disagrees), Defendant contends that the FAC fails to set forth facts sufficient to state or constitute a claim against Defendant under the TCPA or any other law and fails to state facts sufficient to entitle Plaintiff or any putative class member to the relief sought, or any relief whatsoever, from Defendant. This includes in particular (but is not limited to) the fact that text messages (which are the entire basis for Plaintiff's claim in the FAC) are not subject to the TCPA's DNC provisions. *See, e.g., Jones v. Blackstone Med. Servs., LLC,* 2025 WL 2042764 (C.D. Ill. July 21, 2025), *on appeal as Steidinger, et al. v. Blackstone Medical Services*, No. 25-2398; *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195 (N.D. Fla. Aug. 26, 2025); *Aliana El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025). Further, Defendant contends Plaintiff will be unable to establish such facts as

necessary to satisfy Plaintiff's burden of proof as to the claim asserted.

## SECOND AFFIRMATIVE DEFENSE

**(Not Willful and/or Knowing)**

Plaintiff has not carried and cannot carry her burden of showing that any action or omission by Defendant was "willful" or "knowing" and, therefore is not entitled to treble damages under the TCPA or any other law that provides for treble damages.

## THIRD AFFIRMATIVE DEFENSE

**(Consent Provided or Not Required)**

Plaintiff's claims are barred because, to the extent she received any text messages directly from Defendant or sent by third parties on Defendant's behalf in this action, if any, she consented to receiving said texts and/or her consent was not required, and/or she had an established business relationship with Defendant, and/or the calls were not advertising, marketing, or solicitations nor unwanted and, in fact, were solicited by Plaintiff to the extent she invited them, gave permission, or otherwise consented to receiving them.

## FOURTH AFFIRMATIVE DEFENSE

**(Error)**

Plaintiff's claims are barred because, to the extent she received any violative text messages directly from Defendant or on behalf of Defendant, which Defendant denies, such texts were the result of bona fide error and states that, as part of its routine business practices, Defendant, at all relevant times, (i) had established and implemented written procedures to comply with the TCPA's Do-Not-Call rules (ii) trained its personnel and any entity assisting in its compliance in procedures established pursuant to the TCPA's Do-Not-Call rules, (iii) maintained and recorded a list of telephone numbers that Defendant may not contact, and (iv) used a process to prevent telephone

solicitations to any telephone number on any list established pursuant to the TCPA's Do-Not-Call rules and maintains records documenting this process.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times relevant to the matters alleged in the FAC, Defendant acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or any other alleged wrong done to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Third Party Acts)

Plaintiff's claims are barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff and/or third parties other than Defendant, over which Defendant had no control, and for which Defendant is not liable either directly or vicariously.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Plaintiff's claims fail due to her failure to join necessary or indispensable parties in this action, including but not limited to the person(s) or entity (or entities) who sent the alleged text messages in purported violation of the TCPA and/or acted on such person's or entity's behalf in doing so and any other user or owner of the subject phone number who provided consent to be contacted by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fifth Amendment Due Process)

To the extent the TCPA is applied against Defendant to impose upon Defendant liability in

13

circumstances that Defendant could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Golan v. Veritas Ent., LLC*, 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017), *aff'd sub nom.* 930 F.3d 950 (8th Cir. 2019) (citing *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("[T]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.")).

## NINTH AFFIRMATIVE DEFENSE

### (Due Process – Punitive Damages)

To the extent that the FAC seeks punitive or exemplary damages under the TCPA, it violates the rights of Defendant under the Due Process provisions of the United States Constitution, as grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without the due process of law." *See, e.g. TXO Prod Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation."

## TENTH AFFIRMATIVE DEFENSE

### (Eighth Amendment Excessive Fines)

If TCPA is applied against Defendant to impose liability grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *United States v. Citrin*, 972 F. 2d 1044, 1051 (9th Cir.

1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

## ELEVENTH AFFIRMATIVE DEFENSE

### (De Minimis Harm)

Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis harm because the actual harm allegedly suffered by Plaintiff (if any) is negligible.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or other doctrines or theories of equity, including but not limited to assumption of risk, particularly (but not limited) to the extent that Plaintiff consented to receiving the text messages and/or authorized another person's use of the phone number at issue and/or provision of consent for calls to that number, or requested, sought out, induced or otherwise encouraged text messages for the sole or intended purpose of bringing TCPA claims. For the avoidance of doubt, failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Defendant invokes, without limitation, any and all equitable defenses available to it under applicable law and interpretive authority.

Defendant further asserts, without limitation, all defenses available to it under the TCPA and its related implementing regulations, including but not limited to that (i) texts are not subject to the DNC provisions, (ii) the subject texts do not qualify as "telephone solicitations" and (iii) Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA's regulations, and such practices and procedures were in place and followed at all relevant times. For the avoidance of doubt, Defendant invokes all affirmative defenses, defenses, protections, and limitations of the TCPA.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is not entitled to relief because, if Plaintiff has been damaged, which Defendant denies, Plaintiff has failed to mitigate her damages, and therefore any recovery against Defendant is barred or should be reduced accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to bring her claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that texts are not subject to the TCPA's DNC provisions, and/or to the extent that Plaintiff is not the owner and/or user of the subject phone number, consented to receiving the text messages at issue in this action, requested to be texted, induced the text messages and/or authorized another third-party to do so, did not suffer any injury-in-fact, failed to make a stop request, cannot trace any alleged injury to Defendant and/or is not within the "zone of interests" that the TCPA and other laws invoked in his FAC were designed to protect, among other reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

All conduct and activities of Defendant, including any purported agents, alleged in the FAC conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the FAC. As a consequence, some or all of Plaintiff's claims are barred in full, or in part, based on Defendant's good faith belief that they had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause)

The FAC is barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Defendant had no control, including but not limited to any user or subscriber of the phone number who provided consent to receive the calls at issue. Thus, the acts of such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

If Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendant, which Defendant denies, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiff and/or third parties, which bars or reduces Plaintiff's right to recover any such damages against Defendant.

## EIGTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

The cause of action in the FAC is barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent for the reasons stated above, and for others.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

At all times relevant to the matters alleged in the FAC, Defendant had established and implemented written procedures to comply with (and has so complied with) the applicable TCPA Do-Not-Call rules. For the avoidance of doubt, Defendant asserts all "safe harbor" and other

17

affirmative defenses available to it under all applicable TCPA provisions and related implementing regulations, as interpreted by the Federal Communications and applicable decisional authority and as amended, pertaining to Plaintiff's allegations against Defendant in this matter (*see, e.g.*, 47 U.S.C. §§ 227(c) and 64 C.F.R. §§ 64.1200(c)) without limitation.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Class Not Certifiable)

Plaintiff does not meet the class requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Plaintiff cannot meet the requirements of numerosity, commonality, typicality and adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries, including because the circumstances under which individuals might provide consent and/or revoke consent can naturally vary by individual. Plaintiff also cannot meet the requirements for class certification because she is not a member of the class she seeks to represent to the extent that there has been no TCPA violation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff has failed to state facts that would entitle Plaintiff to obtain injunctive relief because, among other reasons, there is no threat of immediate, imminent, and/or continuing harm, and therefore Plaintiff lacks standing to pursue this relief and/or such relief is not available as a matter of law. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021); *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Defenses; Additional or Other Defenses)

Certain additional affirmative and other defenses to the FAC and to the purported claims for relief stated therein may be available to Defendant. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Defendant reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed. Defendant also does not waive any rights under 28 U.S.C. §1292(b). Defendant also reserves and does not waive the right to bring an affirmative action against Plaintiff or any responsible third parties, if and when it determines it has a legal and factual basis to do so, in accordance with applicable rules and law.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's FAC with prejudice, award Defendant all of its costs and attorneys' fees incurred in defending this action to the extent available under applicable law, and grant Defendant all other relief as the Court deems just and appropriate.

Dated: November 24, 2025                                            Respectfully submitted,

By: /s/ *A. Paul Heeringa*

A. Paul Heeringa (IL Bar # 6288233)
Madelaine Newcomb (IL Bar #6322725)
**Manatt, Phelps & Phillips, LLP**
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com
          mnewcomb@manatt.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on November 24, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

/s/ A. Paul Heeringa