**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANA MUJAHID, on behalf of herself and all others similarly situated, | Case No. 1:25-cv-08012 |
| Plaintiff, | Judge: Hon. Jorge L. Alonso |
| v. | |
| NEWITY LLC, | |
| Defendant. | |

**JOINT STATUS REPORT**

Per the Court's November 19, 2025 minute Order (*see* Dkt. 37), Plaintiff Sana Mujahid ("Plaintiff") and Defendant Newity, LLC ("Newity") (collectively, the "Parties") respectfully submit this joint status report regarding their respective "positions as to whether Plaintiff is entitled to sanctions such as reasonable costs and fees related to the motion to dismiss when Newity should have made the Court aware earlier of the pending appeal" in *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764 (C.D. Ill. July 21, 2025) (*i.e., Steidinger, et al. v. Blackstone Medical Services*, No. 25-2398 (the "*Jones* Appeal")), as requested. The Parties' respective positions are below.

**Plaintiff's Position**: Plaintiff respectfully submits that she is entitled to reasonable costs and fees associated with responding to Defendant's Motion to Dismiss because Newity failed to disclose its intention to seek a stay pending the appeal until after this Court ruled against it—despite the fact that the appeal indisputably existed and concerned the same dispositive legal issue that Newity placed before this Court.

As the Court observed, the *Jones* Appeal "was already pending when Defendant first moved to dismiss," yet Newity made no mention of it until after the Court denied its motion. This

sequence of events reflects a strategic decision to withhold highly material information in hopes of securing a favorable ruling. Only once that strategy failed did Newity pivot and invoke the appellate proceedings as a basis for halting this case. Such conduct constitutes precisely the type of "heads we win, tails you lose" litigation gamesmanship that courts have consistently rejected.

Had Newity disclosed the appeal when it filed its Motion to Dismiss, the Court could have considered whether to defer ruling, stay the action, or request supplemental briefing before expending judicial resources on the merits. Likewise, Plaintiff would not have been required to fully brief and argue a motion that—by Defendant's own admission—implicates a question currently before the Seventh Circuit.

This sequence ensured that Newity enjoyed all possible upside from this Court ruling while avoiding the corresponding risk that the Court would choose to await Seventh Circuit guidance. Courts disfavor such tactics because they distort the adversarial process and undermine the efficient administration of justice.

Indeed, Newity's gamesmanship continues. After the Court expressly directed the parties to submit their respective positions for this joint filing, Newity waited until three hours before the close of business on the filing deadline when lead counsel for the Plaintiff was out of the office to send Plaintiff a seven-page draft, leaving Plaintiff with virtually no reasonable opportunity to meaningfully engage with or negotiate the contents. This last-minute tactic mirrors the same strategic delay that prompted the present dispute: Newity withholding information until the point of maximum leverage and minimum opportunity for Plaintiff or the Court to respond. Indeed, while Newity criticizes the Plaintiff for only sending a draft the day before the deadline, Newity fails to disclose that it did not redline that draft and instead sent its own hours before the deadline.

Again, in the face of sanctions from this Court for gamesmanship, Newity has doubled down on that approach.

For these reasons, and consistent with the Court's inherent authority to deter and remedy such conduct, Plaintiff respectfully submits that an award of reasonable costs and fees related to the Motion to Dismiss is appropriate, but that should only be done following the opportunity for the Plaintiff to submit a brief on the issue.

**Defendant's Position**:

Plaintiff suggested in the parties' previous joint status report (*see* Dkt. 31) and again above that Newity engaged in some sort of "litigation gamesmanship" with respect to the timing of the mentioning of the *Jones* Appeal. Not so. Newity proactively addressed all relevant decisions of which it was aware at the time addressing whether Section 227(c) of the TCPA applied to text messages in its opening brief on the motion to dismiss, including non-binding out-of-circuit decisions that reached the opposite result that Newity sought. *See* Dkt. 23 n.3. This alone shows Newity had no intent to deceive the Court or withhold adverse authority. *See In re Witt*, 481 B.R. 468, 473 (Bankr. N.D. Ind. 2012) ("Having acknowledged existing law, counsel are then free to argue that it should not apply or should be somehow changed."). Rather, at the time of its motion to dismiss, Newity was not aware of the bases for the appeal in *Jones* (as discussed below), nor does it believe mentioning that the plaintiff in *Jones* simply filed a notice of appeal, without knowing the specific grounds for the appeal, was warranted at the time or relevant to its motion to dismiss.[1] If the Court feels otherwise, Newity respectfully submits this does not merit sanctions.

While aware of the notice of appeal generally, Newity was unaware of the specific grounds

---

[1] It is not as if the *Jones* court had certified its opinion for interlocutory appeal, for example, which might be relevant and arguably call into question the persuasive weight. That the *Jones* plaintiff filed a notice of appeal as a matter of right (a common occurrence which means nothing to the persuasiveness of the district court's opinion) is not relevant at all to Newity's motion to dismiss.

for the appeal in *Jones* until the appellant filed the opening brief on October 21, 2025—one full week after the parties filed their initial joint status report here (Dkt. 28), nearly three weeks after Newity moved to dismiss (Dkt. 22 & 23), and after Plaintiff had already filed her opposition thereto (Dkt. 30). As such, seeking a total stay in the present case based strictly on the fact that the *Jones* plaintiff had filed a routine notice of appeal as a matter of right seemed to be inappropriate at that time.

Additionally, while the Court stated in its Order that Newity should have made its request to stay based on the *Jones* Appeal "in tandem" with its motion to dismiss or in a status report beforehand (*see* Dkt. 37), Newity respectfully states that it is unaware of any rule requiring a motion to stay to be filed "in tandem" with a motion to dismiss. Rather, motions to stay can be (and often are) filed later in proceedings when appropriate, even after briefing on a motion to dismiss is complete. *See also Richards v. Fashion Nova, LLC,* 2025 WL 3167069, at *2 (S.D. Ind. Oct. 27, 2025) (granting motion to stay based on *Jones* Appeal, even though motion to stay filed after dispositive motion was fully briefed); *Richards v. Shein Distribution Corp.,* 2025 WL 3079658, at *1 (S.D. Ind. Nov. 4, 2025) (motion to stay based on *Jones* Appeal filed after motion to dismiss filed). Notably, Plaintiff's lead counsel in this case was also counsel for the plaintiffs in both *Richards* cases, and ***opposed*** a stay in both instances, as well as did so in this case when Newity requested it in the initial status report. While Plaintiff inaccurately accuses Newity of "withholding material information" above, it is also notable that Plaintiff did not disclose the *Jones* Appeal in a prior notice or in briefing despite her counsel being well aware of it. In fact, if the *Jones* Appeal was relevant at all, it should have been raised by *Plaintiff* because it potentially could have *reversed* the only on-point (but non-binding) decision in the Seventh Circuit on the issue of whether texts are calls under the Do-Not-Call provisions of the TCPA (*Jones* held that text messages are not calls), which was a primary basis for Newity's motion to dismiss.

4

Nonetheless, Newity believes that there was simply a regrettable lapse in communication and insufficient timing on this issue, for which it sincerely apologizes to the Court. In fact, as the Court will recall, Newity advised of its intent to file a formal motion for protective order seeking to stay discovery pending the Court's resolution of its motion to dismiss in the initial joint status report filed on October 15, 2025 (which Plaintiff opposed). *See* Dkt. 28. Newity admittedly did not mention the *Jones* Appeal as a potential basis for seeking a stay in the parties' initial status report, as it seemed inappropriate to do so at the time for the reason noted above, and just generally requested the discovery stay in the report, which Plaintiff opposed. But Newity did not have an opportunity to raise the *Jones* Appeal again later. Rather than require formal briefing, the Court entered a minute order on October 16 based on the initial status report, staying discovery during briefing on the motion to dismiss, and stating that "once the motion to dismiss is fully briefed, the Court will determine whether to stay the case pending resolution of the motion to dismiss." Dkt. 29. Plaintiff filed her Opposition to the motion to dismiss on October 17. *See* Dkt. 30. Newity anticipated the Court would be revisiting the stay issue after it filed its reply, as it indicated in its October 16 order, but the Court ruled on the motion to dismiss just 11 days after it was fully briefed and did not revisit the issue. In hindsight, Newity could have noted the *Jones* Appeal to the Court sooner, perhaps after October 21 once the bases for it were indicated, but it simply did not anticipate such a swift ruling on its motion to dismiss (though Newity does not fault the Court for this) and did not have the chance. But again, this was unintentional, and not part of some strategy. Nor does it warrant sanctions.

Moreover, Newity respectfully notes that its pending motion to stay (*see* Dkt. 33 and 35) is not just based on the *Jones* Appeal but also seeks certification of the Court's order on its motion to dismiss for interlocutory appeal. As such, this motion is not a "stay request[] made only after an adverse ruling" as Plaintiff contends. Dkt. 37. On these facts, the timing of the motion to stay was

objectively reasonable and thus should not be sanctioned. *See Hess v. Biomet, Inc.*, 2022 WL 17336149, at *3 (N.D. Ind. Nov. 30, 2022) ("If an attorney's inquiry is 'objectively reasonable under the circumstances of the case,' then Rule 11 sanctions are not warranted.") (citation omitted).

More importantly, the timing of Newity's motion to stay/for certification has not prejudiced Plaintiff at all. Indeed, even if Newity moved to stay at the outset of the case, it still would have been required to file a responsive pleading to satisfy its separate pleading deadline. Thus, Plaintiff still would have been required to respond to the motion to dismiss pending resolution of the motion to stay. In fact, that is what happened in the *Richards v. Fashion Nova* case, discussed above. And the *Jones* case was not the only persuasive authority Newity cited in its motion to dismiss on the issue of whether texts are covered by the DNC provisions, nor was that the only grounds for dismissal in the motion (Newity also moved on direct and vicarious liability grounds). As such, there is no corollary between any costs and fees related to the motion to dismiss that Plaintiff may have incurred and the timing of Newity's mention of the *Jones* Appeal. Rather, Plaintiff would have incurred those expenses regardless of whether or when the *Jones* Appeal was mentioned.

It is also readily apparent that Newity has not acted in bad faith or for any improper purpose. While the miscommunication and timing for mentioning the *Jones* Appeal is regrettable and maybe could have been avoided in hindsight, this is not sanctionable misconduct. *See Stive v. United States*, 366 F.3d 520, 521 (7th Cir. 2004) ("The federal common law of attorneys' fee awards is the 'American rule,' under which each party to a lawsuit bears his own expenses of suit unless 'the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (citing *Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1235 (7th Cir. 1985) and *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974)). Further, "[w]hen a sanction is imposed on the court's own motion, attorney fees cannot be

awarded." *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 926 (7th Cir. 2004). Thus, even if the Court were inclined to issue sanctions (which Newity disputes are warranted), Plaintiff's counsel would not be entitled to recover fees for responding to the motion to dismiss in any event.

Finally, while Plaintiff takes issue with the Parties' negotiations regarding this joint report above, suggesting that "Newity's gamesmanship continues" or is withholding information, that is completely inaccurate. What Plaintiff omits is that counsel for the Parties conferred via telephone on November 21, 2025, and Newity did not receive the initial draft of this report from Plaintiff until November 24, 2025 at 5:16pm CT, ***the day before it was due***, giving Newity very little time.

All told, to the extent Newity's conduct gave the impression that it was not being candid during this process, Newity assures the Court that nothing could be further from the truth. There was no untoward strategy or ill intent here. Nevertheless, while Newity regrets any miscommunication, it submits to this Court that sanctions are not warranted.

Dated: November 25, 2025                                    Respectfully submitted,

By: *<u>/s/ Anthony I. Paronich (with permission)</u>*
Anthony I. Paronich
**Paronich Law, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff*

By: <u>/s/ A. Paul Heeringa</u>
A. Paul Heeringa (IL Bar # 6288233)
**Manatt, Phelps & Phillips, LLP**
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com

*Counsel for Defendant*

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on, November 25, 2025, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.


*/s/ A. Paul Heeringa*